### 22471

The STATE, Respondent v. Joe L. MATHIS, Appellant.
(340 S. E. (2d) 538)

Supreme Court

*Asst. Appellate Defender Tara D. Shurling,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carlisle Roberts, Jr.,* Columbia, and *Sol. Claude A. Taylor, Jr.,* Spartanburg, *for respondent.*

Heard Jan. 21, 1986.

Decided Feb. 13, 1986.

CHANDLER, Justice:

Joe L. Mathis (Mathis) appeals his conviction and 12 year sentence for first degree criminal sexual conduct. Specifically, he was charged with engaging in sexual battery with a victim less than 11 years of age under S. C. Code Ann. § 16-3-655(1) (1976).

We reverse and remand for a new trial.

## FACTS

Mathis and a co-defendant each pled guilty to committing a lewd act upon a child under 14 years of age.[1] After deter-

---

[1] The alleged victim was six years old. S. C. Code Ann. § 16-3-655(2) (1976) provides: "A person is guilty of criminal sexual conduct in the second degree if the actor engages in sexual battery with a victim who is fourteen years of age or less but who is at least eleven years of age." Thus, Mathis had agreed to plead guilty to criminal sexual conduct of a lesser degree than that charged in the indictment.

mining the plea was entered voluntarily, the trial judge imposed a ten year sentence.

Shortly thereafter, Mathis, protesting his innocence, was permitted to withdraw the plea with the understanding he would go to trial before a jury.

At trial, Mathis testified he knew nothing about the crime charged. The State was permitted, over objection, to impeach Mathis concerning his earlier plea of guilty. The trial judge ruled that the guilty plea, notwithstanding its withdrawal, constituted a prior inconsistent statement and permitted its introduction. The jury was instructed to consider these statements only for the impeachment of Mathis' credibility.

## ISSUES

1. Did the trial judge err in allowing the State to impeach Mathis with his prior guilty plea?

2. Did the trial judge err in denying Mathis' motion for a directed verdict?

3. Did the trial judge err in refusing to submit a charge of assault and battery of a high and aggravated nature to the jury?

## I. USE OF GUILTY PLEA
## TO IMPEACH

Whether a guilty plea, or statements made during a guilty plea, may be used to impeach has never been addressed in South Carolina. Such use is not permitted in federal courts. *See Kercheval v. United States,* 274 U. S. 220, 47 S. Ct. 582, 71 L. Ed. 1009 (1927). The decision in *Kercheval* was not based upon constitutional grounds, but upon the United States Supreme Court's supervisory power over the federal courts.

Other state courts are divided on the question. *See* Annot., 86 A. L. R. (2d) 326, *Guilty Pleas as Evidence,* §§ 3 and 4. The majority of states exclude evidence of withdrawn guilty pleas, articulating the following reasons:

(1) It is unfair to use the plea against the accused after he has been allowed to retract it. *See, e.g., People v. Spitaleri,* 9 N. Y. (2d) 168, 212 N. Y. S. (2d) 53, 173 N. E. (2d) 35 (1961).

(2) Evidentiary use of a withdrawn plea denies the defen-

dant the benefit of the presumption of innocence. *See, e.g., State v. Joyner*, 228 La. 927, 84 So. (2d) 462 (1955).

(3) The public interest of encouraging settlement of criminal cases without necessity of trial favors permitting an accused to plead guilty to the offense charged without prejudicing his position if it is later withdrawn. *See, e.g., State v. Wright*, 103 Ariz. 52, 436 P. (2d) 601, *reh'g denied*, 103 Ariz. 193, 438 P. (2d) 759 (1968).

(4) The privilege of withdrawal is illusory if evidence of the plea is allowed. *People v. Street*, 288 Mich. 406, 284 N. W. 926 (1939).

(5) The highly prejudicial nature of a prior guilty plea may induce the jury to become reckless in its consideration of the other evidence, regardless of cautionary instructions. *See, e.g., State v. Boone*, 66 N. J. 38, 327 A. (2d) 661 (1974).

In *State v. Copeland*, 278 S. C. 572, 300 S. E. (2d) 63 (1982), we held that prior inconsistent statements may be admitted, not only as impeachment evidence, but as substantive evidence as well. Here, however, we distinguish between prior inconsistent statements (including confessions) and guilty pleas. As the United States Supreme Court stated in *Kercheval, supra:*

> A plea of guilty differs in purpose and effect from a mere admission or extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. 274 U. S. at 223, 47 S. Ct. at 583, 71 L. Ed. at 1012.

> \* \* \* \* \* \*

> The effect of the court's order permitting withdrawal was *to adjudge that the plea of guilty be held for naught.* Its subsequent use as evidence against petitioner was in direct conflict with that determination. When the plea was annulled it ceased to be evidence. By permitting it to be given weight the court reinstated it *pro tanto.* [Emphasis supplied.] 274 U. S. at 224, 47 S. Ct. at 583, 71 L. Ed. at 1012.

Our review of the authorities from other jurisdictions and the arguments advanced both for and against admission into evidence of guilty pleas convince us that the highly prejudicial potential of such evidence mandates its exclusion for

all purposes. This result is compelled by the weight of reason and authority as well as considerations of basic fairness in the trial process.

While under our view of the case the above holding is determinative, we analyze the remaining two issues to aid the court on re-trial.

## II. DIRECTED VERDICT

Evidence of intrusion is required to prove criminal sexual battery. *See* S. C. Code. Ann. § 16-3-651(h) (1976). Mathis contends he was entitled to a directed verdict of acquittal on the ground that the State presented no such evidence.

When ruling on a motion for a directed verdict, a trial court is concerned only with the existence of evidence, not its weight. *State v. Perry*, 279 S. C. 539, 309 S. E. (2d) 9 (1983). The evidence must be viewed in the light most favorable to the State. Any evidence, direct or circumstantial, tending to prove the guilt of the accused creates a jury issue. *State v. Butler*, 277 S. C. 452, 290 S. E. (2d) 1 (1982).

The six-year-old prosecutrix testified that Mathis touched her with his penis. She could not remember if he put it inside her body. However, when asked if it hurt, she replied that it had. This is evidence of some "intrusion, however slight," as is required by § 16-3-651(h). A jury issue was created and the trial judge properly denied Mathis' motion for a directed verdict.

## III. ASSAULT AND BATTERY AS A LESSER INCLUDED OFFENSE

Mathis was convicted of criminal sexual conduct in the first degree for engaging in sexual battery with a victim less than 11 years of age under S. C. Code Ann. § 16-3-655 (1) (1976). He contends that assault and battery of a high and aggravated nature is a lesser included offense under this statute and should have been submitted to the jury. We agree.

Assault and battery of a high and aggravated nature is a lesser included offense of criminal sexual conduct in the first degree. *See State v. Lambright*, 279 S. C. 535, 309 S. E. (2d) 7 (1983); *State v. Drafts*, ____ S. C. ____, 340 S. E. (2d) 784 (1986).

A trial judge is required to charge the jury on a lesser included offense if there is evidence from which it could be inferred that a defendant committed the lesser, rather than the greater offense. *State v. Tyson*, 283 S. C. 375, 323 S. E. (2d) 770 (1984); *State v. Gandy*, 283 S. C. 571, 324 S. E. (2d) 65 (1984).

Here, the jury could have inferred Mathis had committed assault and battery of a high and aggravated nature even if it disbelieved the State's proof that he had committed sexual battery, as defined in § 16-3-651(h).

Reversed and remanded.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.