**Alton B. SMITH, Petitioner–Appellant,**

v.

**STATE OF SOUTH CAROLINA,**
**Respondent–Appellee.**

No. 89–6519.

United States Court of Appeals,
Fourth Circuit.

Argued June 9, 1989.

Decided Aug. 21, 1989.

W. Gaston Fairey (J. Christopher Mills, Fairey and Parise, P.A., on brief), Columbia, S.C., for petitioner-appellant.

Donald J. Zelenka, Chief Deputy Atty. Gen. (T. Travis Medlock, Atty. Gen., Columbia, S.C., on brief), for respondent-appellee.

Before CHAPMAN and WILKINSON, Circuit Judges, and SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.

SPENCER, District Judge:

Alton B. Smith appeals the the district court's denial of his petition for habeas corpus pursuant to 28 U.S.C. § 2254 (1986). We affirm the decision of the district court.

## I.

An indictment brought at the February, 1983 term of the Court of General Sessions for Lexington County, South Carolina charged Smith with one count of criminal conspiracy and five counts of violating South Carolina's criminal sexual conduct statute, S.C.Code Ann. §§ 16–3–651 to 16–3–659.1 (Law.Co-op.1985),[1] in both the first and second degree and as a principal as well as an accessory. The charges accused Smith and his girlfriend, co-defendant Miriam Shull, of forcing Shull's minor son, Gary O'Neal Shull, to participate in various sexual acts with his mother. The evidence at trial showed that there were over one hundred forced "sex sessions" between Gary and Miriam Shull in a four year period. On February 16, 1983, a jury found Smith guilty on all counts. The trial court sentenced Smith to consecutive terms of five years on the conspiracy count, thirty years for each of the two first degree counts, and twenty years for each of the three second degree counts.

On appeal to the South Carolina Supreme Court, Smith raised four issues: (1) whether the trial court improperly admitted irrelevant and prejudicial evidence; (2) whether the trial court improperly allowed the jury to view evidence which was later suppressed; (3) whether the trial court violated due process when it initially denied Smith's motion to suppress the evidence later excluded; (4) whether the trial court improperly denied Smith's request for a limiting jury instruction. However, Smith's counsel on appeal, William Diggs of the South Carolina Office of Appellate Defense, refused Smith's demand to argue that South Carolina's criminal sexual conduct statute was unconstitutionally vague. Smith wished to argue that he had no notice that the statute encompassed sexual conduct where there was no penetration of the victim's body. He argues that the South Carolina Supreme Court's subsequent interpretation of the statute to require penetration of the victim, *State v. Mathis,* 287 S.C. 589, 340 S.E.2d 538 (1986), demonstrates the reason-

---

1. The relevant statutes provide:

§ 16–3–651—*Criminal sexual conduct: definitions*

(a) "actor" means a person accused of criminal sexual conduct.

(h) "sexual battery" means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, except where such intrusion is accomplished for medically recognized treatment or diagnostic purposes.

(i) "victim" means the person alleging to have been subjected to criminal sexual conduct.

§ 16–3–655—*Criminal sexual conduct with minors*

(1) A person is guilty of criminal sexual conduct in the first degree if the actor engages in sexual battery with the victim who is less than eleven years of age.

(2) A person is guilty of criminal sexual conduct in the second degree if the actor engages in sexual battery with a victim who is fourteen years of age or less but who is at least eleven years of age.

ableness of his belief that his conduct was not criminal.

The South Carolina Supreme Court affirmed Smith's conviction on June 1, 1984. The United States Supreme Court denied certiorari on October 1, 1984. Smith filed an application for post conviction relief pursuant to S.C.Code Ann. § 17–27–10 et seq. (Law.Co-op.1985) on December 9, 1984. The application was dismissed on May 13, 1986. Smith appealed the dismissal to the South Carolina Supreme Court, but that court declined to hear Smith's appeal.

Smith then filed the present petition for writ of habeas corpus in federal court on December 11, 1987. The matter was referred to a United States magistrate William Catoe, who filed a report recommending dismissal of Smith's petition. By order entered December 16, 1988, the district court dismissed Smith's petition. The court found that Smith had failed to establish ineffective assistance of counsel. In addition, the court found that Smith had not shown sufficient cause for his failure to raise on direct appeal the claim that South Carolina's criminal sexual conduct statute is unconstitutionally vague and had not shown any prejudice resulting from that failure. This appeal followed.

## II.

■■■ A petitioner in a federal habeas corpus action may not raise claims which have been defaulted under state procedural rules unless the petitioner can show cause for the default and prejudice resulting from the default. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). On direct appeal, Smith did not challenge South Carolina's criminal sexual conduct statute as unconstitutionally vague. Thus, under South Carolina law, he is barred from raising the claim in a post-conviction proceeding. *See e.g., Peeler v. State*, 277 S.C. 70, 71, 283 S.E.2d 826, 826 (1981).

■■■ Smith argues that defense counsel's refusal to raise "the central nonfrivolous issue petitioner sought to have adjudicated" over Smith's insistence constitutes cause under *Wainwright*. The thrust of

Smith's argument is that the situation presented here has never been addressed by the Supreme Court. He points to the Court's statement in *Jones v. Barnes*, 463 U.S. 745, 754 n. 7, 103 S.Ct. 3308, 3314 n. 7, 77 L.Ed.2d 987 (1983) that "we have no occasion to decide whether counsel's refusal to raise requested claims would constitute 'cause' for a petitioner's default within the meaning of *Wainwright v. Sykes*." He also claims that at least one Justice agrees that an attorney's refusal to raise a claim, over his client's insistence, must constitute cause and prejudice. *Barnes*, 463 U.S. at 755, 103 S.Ct. at 3314 (Blackmun, J. concurring).

The Supreme Court addressed the question of attorney error in a very similar case decided three years after *Barnes*. In *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the respondent was convicted in Virginia state court. In his notice of appeal to the Virginia Supreme Court, he included a claim that the trial court erred by refusing to allow him to examine the victim's statements prior to trial. However, his counsel failed to include that particular claim in the required petition for appeal. Pursuant to its rules, the Virginia Supreme Court refused to hear the claim, either on direct appeal or in a later state habeas corpus action. *Id.* at 482, 106 S.Ct. at 2642.

The Supreme Court held that Carrier had failed to show cause for the procedural default. "Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than at trial." *Carrier*, 477 U.S. at 492, 106 S.Ct. at 2647. "So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under [*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Carrier*, 477 U.S. at 488, 106 S.Ct. at 2645.

*Carrier* is based on policy considerations of comity, finality, and efficiency. Those

considerations apply as strongly when a defendant insists on raising a particular claim and his attorney refuses as they do when an attorney inadvertently fails to raise a particular claim. Whether as a result of attorney refusal or attorney error, the failure to raise a claim deprives the state court of an opportunity to review its errors and undercuts the state's ability to enforce its procedural rules. Further, consideration of new claims on collateral review reduces the finality of state convictions. *Carrier*, 477 U.S. at 491, 106 S.Ct. at 2647.

Similarly, just as in *Carrier*, permitting a petitioner to bring this type of claim on collateral review presents the distinct possibility that defense counsel might "sandbag" in order to avoid the state appellate courts. Allowing defense counsel to bypass the state appellate system simply by refusing to bring a claim encourages counsel to manufacture refusals in order to obtain *de novo* review in federal court should the state appeal be unsuccessful. *See Carrier*, 477 U.S. at 492, 106 S.Ct. at 2647.

In addition, accepting Smith's position would increase the burden on district courts of federal habeas corpus. First, the absence of any state court appellate review forces district courts to review claims on an incomplete record. An important benefit of state appellate review is that it fully develops the factual and legal issues of a case very soon after the initial trial. Federal habeas corpus review, on the other hand, can occur years later, when those issues have become blurred by the passage of time. Allowing claims not brought on appeal to be raised on federal habeas corpus places the federal court at a substantial disadvantage, increasing the possibility, however slight, of an erroneous decision.

Second, Smith's position would increase the burden of frivolous federal habeas corpus claims. Any conceivable claim which a prisoner's attorney had rejected on appeal would establish cause for procedural default. This class of claims would inevitably include frivolous claims as well as meritorious ones. Currently, such frivolous claims can be summarily dismissed for lack of cause. Accepting Smith's argument would require a case by case determination as to the merits of each claim, substantially increasing the costs of federal habeas corpus. Moreover, judicial resources better spent on meritorious claims would be wasted on frivolous ones. As a result, the mass of marginal petitions may bury the few meritorious ones, reducing both efficiency and accuracy.

Thus, the Court holds that the refusal of appellate counsel to raise a nonfrivolous claim on direct appeal does not constitute cause for procedural default. Rather, such refusal should be evaluated by the same standard as any other attorney error. Accordingly, the Court will determine whether Diggs' actions constitute ineffective assistance of counsel.

■ Under the two prong test established in *Strickland v. Washington*, a defendant alleging ineffective assistance of counsel must first show that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064. The court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690, 104 S.Ct. at 2066. Moreover, there is a strong presumption that the attorney's actions were within the permissible range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065.

Diggs' performance falls well within this permissible range of assistance. The record shows that he had extensive experience with appellate defense, that he met with Smith two to three times to discuss his appeal, and that he went over each potential claim with Smith before selecting the claims to bring before the appellate court. He made an informed, deliberate decision after reviewing the facts and the law and consulting with his client.

The Court does not deem it necessary to evaluate the merits of Smith's claim that the criminal sexual conduct statute is unconstitutionally vague. The Court must only determine whether Diggs made a rea-

sonable decision in refusing to raise the claim, and it is clear that he did so. First, the *Mathis* case, which Smith argues supports his claim, is factually distinguishable. It dealt with a violation of the statute by a male actor while this case involves a female actor. Second, *Mathis* does not purport to define "sexual intercourse" or "anal intercourse", two categories of outlawed conduct which occurred in this case. Third, neither *Mathis* nor the statute requires that there be evidence of penetration or intrusion of the victim's body. There must merely be evidence of intrusion by one person into another person's body. *See* S.C.Code Ann. § 16–3–651(h); *Mathis*, 287 S.C. at 593, 340 S.E.2d at 541. Faced with a record replete with evidence of sexual intercourse between Miriam and Gary Shull, Diggs reached the reasonable conclusion that the vagueness argument had, at best, a marginal chance of success.

Thus, Diggs merely refused to raise a very weak claim, which is precisely the type of decision an effective advocate must make. "There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." *Jones*, 463 U.S. at 752, 103 S.Ct. at 3313. " 'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986) (quoting *Jones*, 463 U.S. at 751, 103 S.Ct. at 3312).

Diggs stategically elected not to raise the vagueness claim in order to avoid diverting the appellate court's attention from what he felt were stronger claims. Such a decision is "the very antithesis of the kind of circumstance that would warrant excusing a defendant's failure to adhere to a State's legitimate rules for the fair and orderly disposition of its criminal cases." *Smith v. Murray*, 477 U.S. at 534, 106 S.Ct. at 2666.

▮ Because Smith fails to establish the first prong of the *Strickland* test, the Court need not discuss the second prong.

Accordingly, the Court holds that Smith received effective assistance of counsel on appeal and so fails to establish cause for his procedural default.

AFFIRMED.