2395

The STATE, Respondent v. Willie E. TILLMAN, Appellant.

(463 S.E. (2d) 94)

Court of Appeals

*Chief Attorney Daniel T. Stacey, of South Carolina Office of Appellate Defense, of Columbia, for appellant.*

*Attorney General T. Travis Medlock, Chief Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General Harold M. Coombs, Jr., Assistant Attorney General Alexandria B. Skinner, all of Columbia; and Solicitor George M. Ducworth, of Anderson, for respondent.*

Submitted Sept. 12, 1995.

Decided Oct. 16, 1995.

*Per Curiam:*

Willie E. Tillman pleaded guilty to three counts of second-degree burglary and three counts of grand larceny. He received concurrent sentences on all charges, each suspended on the service of four years in prison with five years probation. He appeals, claiming the trial court erred in refusing to enforce a plea bargain agreement he entered with the State which provided the State would recommend a probationary sentence in exchange for Tillman's truthful testimony against other parties involved in the crimes. We remand in accordance with the instructions set forth herein.[1]

Tillman was indicted, along with three codefendants, on three counts of second-degree burglary and three counts of grand larceny. From the outset, he fully admitted his involvement in the crimes. He entered a written "Substantial Assistance Agreement" with the Tenth Judicial Circuit Solicitor's Office under which he agreed to testify truthfully in the cases against his codefendants in exchange for a recommendation of probation in his case.

When he testified against one of his codefendants, the State contends he lied and his testimony was not helpful to the prosecution. The State was nevertheless successful in securing a conviction. At Tillman's guilty plea, the prosecutor insisted

---

[1] We dispose of this case without oral argument because oral argument would not aid the Court in resolving the issue involved.

the plea agreement was void because Tillman breached it by not testifying truthfully. In response to the solicitor's claim, Tillman's counsel admitted Tillman "probably was a little confused." He further stated this "is not difficult to understand" in light of the fact that Tillman is illiterate. He, nevertheless, urged the court to give Tillman "what he was promised." We view this response by Tillman's counsel as disputing the prosecutor's claim Tillman lied or that he breached the terms of the plea agreement.

■ Where a guilty plea is induced by prosecutorial promises, those promises must be fulfilled. *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed. (2d) 427 (1971). However, when a defendant breaches a plea agreement, the State is released from its obligations under the agreement. *Cf. Ricketts v. Adamson,* 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed. (2d) 1 (1987); *see also United States v. Donahey,* 529 F. (2d) 831 (5th Cir. 1976) (because District Court had ample basis for concluding that defendant failed to live up to her part of the plea bargain agreement, Court of Appeals found no error in District Court's refusal to require specific performance of the plea agreement).

■ Plea agreements are construed in accordance with contractual principals. *U.S. v. Ringling,* 988 F. (2d) 504 (4th Cir. 1993). In *Ringling,* the Court stated, however, that a plea agreement must be construed differently from a commercial contract because the rights involved are fundamental and constitutionally based. *Id.* at 506. The court also noted that the government had to be held to a higher degree of responsibility than the defendant for imprecisions or ambiguities in plea agreements. *Id.*

■ The critical question in this case is whether Tillman breached his plea agreement. To determine that, it was necessary for the trial court to find Tillman lied on the witness stand, not simply that his testimony was unhelpful to the State. In this regard, neither the State, the appellant, nor the trial judge complied with the guidelines set forth by the Supreme Court in *State v. Thrift,* 312 S.C. 282, 440 S.E. (2d) 341 (1994) for the acceptance of a plea agreement.[2] In *Thrift* the Court stated:

---

[2] Without the benefit of the testimony of Tillman, the court surmised what happened as follows:

[T]he complexity of cases dictates that a reliable record exists containing the specific terms of any plea agreement. . . . Today, we underline the requirement of disclosure to the court of all aspects of the plea agreement and specifically add the requirement that such disclosure must be made on the record. Adherence to this procedure is the shared responsibility of the trial judge and trial counsel for the state and the defendant.

*Id.* 440 S.E. (2) at 348-49.

The Court further stated that subsequent to their decision, appellate review of plea agreements would be limited to those terms fully set forth in the record. *Id.* at 348. Although the terms of the subject agreement are in the record, the trial judge made no finding Tillman testified untruthfully, but seemed to have based is rejection of the plea agreement on the fact that Tillman's testimony did not benefit the State. Except for the speculation of the trial court, we are not appraised of what Tillman testified to which would constitute a breach of the agreement. In view of the shared responsibility of the court, the solicitor, and defendant to make an adequate record for appellate review, we remand this case to the trial court for a determination of whether Tillman testified truthfully at the trial of his codefendant. If the trial court finds he did not testify truthfully, then the sentences imposed shall stand. On the other hand, if the court finds he testified truthfully, then it shall either resentence Tillman in accordance with the agreement or permit him to withdraw his guilty plea.

Remanded.

GOOLSBY and HEARN, JJ., concur.

---

The Court: I'm going to tell you exactly what he did. He got on the stand, "Who, me? I don't know." He took what you call the fifth, snaggletooth fifth. I never saw him before and I guarantee I can put him around there and tell you everything he said. Absolutely nothing.

\*        \*        \*        \*        \*

The Court: His testimony wouldn't help. I can tell you now; whoever he talks to that's who he wants to please.