After being advised of his Miranda rights, Davis asked to speak to his 
attorney

THIS OPINION HAS NO PREDCEDENTIAL VALUE.  IT SHOULD NOT 
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Arthur Tyrone Davis,       
Appellant.
 
 
 

Appeal From Sumter County
Marc H. Westbrook, Circuit Court Judge

Unpublished Opinion No. 2004-UP-251
Heard December 9, 2003  Filed April 
 15, 2004

AFFIRMED

 
 
 
Assistant Appellate Defender Robert M. Dudek, of Columbia, 
 for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General Deborah R. J. Shupe, all of Columbia;  and Solicitor 
 Cecil Kelly Jackson, of Sumter; for Respondent.
 
 
 

 PER CURIAM:  Arthur Tyrone Davis 
 was convicted of two counts of assault and battery of a high and aggravated 
 nature (ABHAN), one count of possession of a weapon during a violent crime, 
 and one count of conspiracy.  The circuit court sentenced Davis to ten years 
 imprisonment for each count of ABHAN, five years imprisonment for possession 
 of a weapon during a violent crime, and five years imprisonment for conspiracy, 
 with the sentences to run consecutively.  Davis appeals, arguing the circuit 
 court erred by: 1) admitting the confession he gave as a part of the plea agreement; 
 and 2) refusing to enforce his plea agreement.  We affirm.
FACTUAL/PROCEDURAL BACKGROUND
On April 14, 1997, assailants forced two men into 
 the trunk of their car.  The victims were driven to a secluded location where 
 they were robbed, beaten, stripped, and shot. 
Subsequently, Davis was brought to the police station for 
 questioning. After arriving at the police station, Officer James Hicks advised 
 Davis of his Miranda rights.  Because Davis chose not to waive these 
 rights, Officer Hicks did not question Davis at that time.  Instead, Officer 
 Hicks assisted Davis in calling his attorney, Murrell Smith. [1] Davis and his attorney spoke 
 privately for approximately twenty minutes. Smith then proposed a deal to Officer 
 Hicks in which Davis would agree to tell the Solicitor about every crime he 
 had been involved in, and in exchange, the Solicitor would agree to allow Davis 
 to plead guilty to all offenses delineated as non-violent and receive a ten-year 
 cap on sentencing.  Officer Hicks spoke with a Sumter County Assistant Solicitor 
 and obtained approval to accept the offer.  Davis then gave a written confession 
 in which he admitted abducting and shooting the victims.  Thereafter, the Solicitor 
 refused to honor the agreement after learning Davis was involved in several 
 crimes he had not disclosed pursuant to the plea agreement. 
At a pre-trial hearing, Davis moved to enforce 
 the terms of the plea agreement, denying the Solicitors allegation that he 
 had been involved in crimes he had not disclosed pursuant to the agreement.  
 The Solicitor presented testimony and evidence tying Davis to the additional 
 crimes.  Specifically, the Solicitor examined a police officer who testified 
 that he had learned of numerous crimes Davis did not report to the Solicitor. 
 The officer also testified he had interviewed a co-defendant concerning Davis 
 involvement in crimes not disclosed to the Solicitor and had located documents 
 verifying Davis pawned stolen goods from those crimes.  The circuit court found 
 Davis breached the plea agreement and denied Davis motion to enforce it. 
At the call of the case for trial, Davis 
 moved to suppress the confession he had made to police in connection with the 
 failed plea agreement, arguing it could no longer be considered voluntary.  
 Davis testified in the suppression hearing that his confession was made in reliance 
 on the plea agreement and that he would not otherwise have given such a statement.  
 Davis argued that because the Solicitor chose not to honor the terms of the 
 plea agreement, the circuit court should find his confession was involuntarily 
 given.  The circuit court denied the motion to suppress Davis confession, finding 
 it was voluntarily given.  
At trial, the Solicitor introduced the confession 
 over Davis objection.  The jury subsequently returned a guilty verdict for 
 two counts of ABHAN, one count of possession of a weapon during a violent crime, 
 and one count of conspiracy.  The circuit court sentenced Davis to ten years 
 imprisonment for each count of ABHAN, five years imprisonment for possession 
 of a weapon during a violent crime, and five years imprisonment for conspiracy, 
 with the sentences to run consecutively.  Davis appeals.
LAW/ANALYSIS
I.       Admission of Confession
Davis argues the circuit court erred by admitting 
 Davis confession into evidence because the statement was not voluntarily given. 
 [2]   We disagree.  
In determining whether a confession was voluntarily 
 given by the defendant, the circuit court examines the totality of the circumstances 
 at the time the defendant gave the statement to determine if the conduct of 
 law enforcement officials was such as to overbear [the defendants] will to 
 resist and bring about confessions not freely self-determined. Rogers v. 
 Richmond, 365 U.S. 534, 544 (1961); see State v. Peake, 291 
 S.C. 138, 139, 352 S.E.2d 487, 488 (1987) (The test for determining the admissibility 
 of a statement is whether it was knowingly, intelligently, and voluntarily given 
 under the totality of the circumstances.).
Initially, we note, Davis alleges because the plea 
 agreement induced him to confess, his statement became involuntary once the 
 Solicitor decided not to honor the plea agreement.  Because the totality of 
 the circumstances is considered to determine if the defendants will is overborne 
 by the acts of the police at the time the confession is given, it would be inappropriate 
 to review the circumstances existing after the confession was given.  Thus, 
 we examine voluntariness at the time Davis gave his confession.
When reviewing a trial courts ruling concerning 
 voluntariness, this Court does not reevaluate the facts based on its own view 
 of the preponderance of the evidence, but simply determines whether the trial 
 courts ruling is supported by any evidence. State v. Saltz, 346 S.C. 
 114, 136, 551 S.E.2d 240, 252 (2001); see State v. Rochester, 
 301 S.C. 196, 200, 391 S.E.2d 244, 247 (1990) (holding the conclusion of the 
 circuit court on issues of fact as to the voluntariness of a confession will 
 not be disturbed on appeal unless so manifestly erroneous as to show an abuse 
 of discretion).
In the circuit courts consideration of the totality 
 of the circumstances, the only factor that weighed against the voluntariness 
 of the confession was the fact that Davis received a promise of leniency before 
 confessing. Id., at 200, 391 S.E.2d at 246-47 (holding a promise of leniency 
 is a factor to be considered in determining whether a statement was voluntarily 
 given, but does not always necessitate a finding that the statement was involuntarily 
 given).
The remaining factors favored a finding that the 
 confession was voluntarily given.  Foremost in this analysis was the fact that 
 Davis offer to confess in return for a specific sentence resulted in the promise 
 of leniency from the police officer.  See Drew v. State, 503 N.E.2d 
 613, 617 (Ind. 1987) ([T]he promise of . . . leniency was not initiated by 
 the State, but rather resulted in response to a specific request by the defendant, 
 who solicited the promise[ ] as a precondition for making a full statement.  
 Thus, the defendant had already manifested the propensity and willingness to 
 make a voluntary statement before the occurrence of any action on the part of 
 the State.); State v. Harwick, 552 P.2d 987, 990 (Kan. 1976) 
 (When the promises are solicited by the accused, freely and voluntarily, the 
 accused cannot be heard to say that in accepting the promise he was the victim 
 of a compelling influence.). 
In addition, Davis was advised of his Miranda 
 rights and consulted privately with his attorney prior to making the offer to 
 confess. Cf. Miranda v. Arizona, 384 U.S. 436, 466 (1966) (The 
 presence of counsel . . . would insure that statements made in the government-established 
 atmosphere are not the product of compulsion.).  
Furthermore, the record does not reflect: 1) the 
 questioning was unreasonably lengthy; 2) the police officer engaged in deceit 
 or trickery; 3) the police officer made physical threats against Davis; or 4) 
 Davis was subjected to physical violence.  See Rochester, 301 
 S.C. at 201, 391 S.E.2d at 247 (holding lengthy questioning, trickery, threats 
 of violence, and the use of violence all weigh against finding a confession 
 was voluntarily given).
After reviewing the totality of the circumstances, 
 the circuit court determined Davis confession was voluntarily given.  Because 
 the circuit courts decision was supported by the evidence, the circuit court 
 did not err by making this determination.  See Saltz, 346 S.C. 
 at 136, 551 S.E.2d at 252 (When reviewing a trial courts ruling concerning 
 voluntariness, this Court . . . simply determines whether the trial courts 
 ruling is supported by any evidence.); see also State v. Richardson, 
 342 S.E.2d 823, 831 (N.C. 1986) (Promises or other statements indicating to 
 an accused that he will receive some benefit if he confesses do not render his 
 confession involuntary when made in response to a solicitation by the accused.); 
 People v. Wright, 469 N.E.2d 351, 354 (Ill. Ct. App. 1984) (holding defendants 
 confession following States promise not to seek death penalty deemed voluntary, 
 as defendant initiated discussion and stated he would not confess unless State 
 promised not to seek death penalty); Taylor v. Commonwealth, 461 S.W.2d 
 920, 922 (Ky. 1970) (holding the circumstances of the promise in the instant 
 case were entirely compatible with the exercise by the appellants of a free 
 volition in the giving of the confessions because one of the defendants proposed 
 the deal to police and the other obtained the advice of counsel before agreeing 
 to the confession deal); Thomas v. State, 531 So.2d 45, 48 (Ala. Crim. 
 App. 1988) (holding a confession is not involuntarily given when the defendant 
 made the request for leniency without being coerced by the police officer). [3]   
II.      Refusal to Enforce Plea Agreement
Davis argues the circuit court erred 
 by refusing to enforce the plea agreement.  Specifically, Davis contends the 
 circuit court erred by failing to apply a clear and convincing burden of proof 
 in determining whether Davis breached the terms of the plea agreement.  Davis 
 argues the evidence presented by the Solicitor was not sufficient to meet this 
 higher burden of proof.  We disagree.
Plea agreements are contractual in nature, and 
 courts use traditional principles of contract law to interpret and enforce them.  
 See State v. Thrift, 312 S.C. 282, 292-93, 440 S.E.2d 341, 347 
 (1994) (citation omitted).  When the defendant breaches a plea agreement, the 
 Solicitor is released from his obligations thereunder. State v. Tillman, 
 320 S.C. 61, 63, 463 S.E.2d 94, 96 (Ct. App. 1995).  In determining whether 
 the defendant has breached the plea agreement, the circuit courts analysis 
 must be more stringent than a contract [analysis] because the rights involved 
 are fundamental and constitutionally based.  Thrift, 312 S.C. at 293, 
 440 S.E.2d at 347.
Davis argues Thrift requires the 
 circuit court to use a clear and convincing evidence standard to determine whether 
 Davis breached the plea agreement by failing to disclose crimes in which he 
 was involved.  See Blacks Law Dictionary 577 (7th ed. 1999) (stating 
 clear and convincing evidence is a greater burden than preponderance of the 
 evidence, the standard applied in most civil trials).  
We conclude this argument is without merit.  Assuming, 
 without deciding, Thrift requires the circuit court to apply a clear 
 and convincing evidence standard, the circuit court did so in the present case.  
 After reviewing the applicable law, the terms of the plea agreement, and the 
 omissions in Davis statement, the circuit court found, [e]ven when holding 
 the State to a higher degree of responsibility, this Court is clearly convinced 
 that the State has presented more than enough evidence to support its contention 
 that Arthur Tyrone Davis breached his plea agreement. (emphasis added).  
Furthermore, the Solicitor presented adequate evidence 
 to support the circuit courts conclusion.  The Solicitor presented a co-defendants 
 statement and testimony from an investigating police officer outlining independent 
 corroboration of Davis involvement in crimes not disclosed pursuant to the 
 plea agreement, as well as documents verifying Davis pawned stolen goods from 
 those crimes.  
Because the circuit court found clear evidence 
 convincing it that Davis was involved in crimes he failed to disclose to the 
 Solicitor, the circuit court did not err by finding Davis breached the plea 
 agreement. See State v. Amerson, 311 S.C. 316, 320, 428 S.E.2d 
 871, 873 (1993) (Appellate courts are bound by fact findings in response to 
 motions preliminary to trial when the findings are supported by the evidence 
 and not clearly wrong or controlled by error of law.).  Thus, the circuit court 
 did not err by denying Davis motion to enforce the plea agreement. 
CONCLUSION
Based on the above, Davis convictions 
 are 
 AFFIRMED.
HEARN, C.J., HOWARD, and KITTREDGE, JJ., concurring.

 
 
 [1] Smith did not represent Davis at trial.

 
 
 [2] We note, Rule 410, SCRE, addresses the admissibility of statements 
 obtained in guilty plea negotiations.  However, Davis did not raise this statute 
 as a ground for exclusion of the confession, nor did the circuit court rule 
 upon its applicability. Therefore, we cannot address it on appeal.  See 
 Humbert v. State, 345 S.C. 332, 337, 548 S.E.2d 862, 865 (2001) 
 (holding to preserve an issue for appellate review, it must have been raised 
 to and ruled upon by the circuit court).  

 
 [3] Davis further contends State 
 v. Mathis, 287 S.C. 589, 340 S.E.2d 538 (1986) required the circuit court 
 to exclude the confession he gave as part of the plea agreement.  In Mathis, 
 our supreme court stated a defendants guilty plea cannot be introduced into 
 evidence. Id. at 592-93, 340 S.E.2d at 540-41.  In explaining the ruling, 
 our supreme court distinguished guilty pleas from prior inconsistent statements 
 (including confessions), noting confessions may be used as evidence. Id. 
 at 592, 340 S.E.2d at 540; cf. Kercheval v. U.S., 274 U.S. 220, 
 223 (1927) (A plea of guilty differs in purpose and effect from a mere admission 
 or an extrajudicial confession.).  Because Davis moved to suppress his confession 
 at trial, but did not argue evidence of his plea offer was inadmissible, Mathis 
 is inapplicable to the facts of this case.  To the extent Davis argues evidence 
 of his plea agreement was inadmissible, this issue is not preserved for appellate 
 review.  See Humbert, 345 S.C. at 337, 548 S.E.2d at 865 (holding 
 to preserve an issue for appellate review, it must have been raised to and 
 ruled on by the circuit court).