784 S.E.2d 695

**The STATE, Respondent,**

v.

**George WHITE, Appellant.**

**Appellate Case No. 2013–000638.**
**No. 5396.**

Court of Appeals of South Carolina.

Heard Oct. 13, 2015.

Decided March 30, 2016.

Rachel Atkin Hedley, Nelson Mullins Riley & Scarborough, LLP, and Chief Appellate Defender, Robert Michael Dudek, both of Columbia, for appellant.

Attorney General, Alan McCrory Wilson and Assistant Deputy Attorney General, David A. Spencer, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for respondent.

FEW, C.J.

George White appeals his convictions for lewd act upon a child [1] and criminal sexual conduct with a minor in the second degree, arguing (1) the trial court erred in admitting into evidence a video of a forensic interview with the victim and allowing the jurors to use a transcript of the interview while

---

1. White was convicted for crimes occurring in 2007 and 2008. At that time, the crime of lewd act upon a child was codified at section 16–15–140 of the South Carolina Code (2003) (repealed 2012). The same conduct is now classified as criminal sexual conduct with a minor in the third degree. S.C.Code Ann. § 16–3–655(C) (2015).

watching the video, (2) the trial court erred in finding the victim's statement in the interview provided particularized guarantees of trustworthiness, (3) the trial court erred in qualifying the forensic interviewer as an expert in the dynamics of child abuse, (4) the trial court erred in denying his motion for a directed verdict because the State failed to present evidence of sexual battery—one of the elements of criminal sexual conduct with a minor in the second degree, (5) the admission of the forensic interview deprived him of due process, (6) the trial court erred in allowing the forensic interviewer to offer her opinion on the victim's credibility, and (7) the trial court erred in allowing the forensic interviewer to offer improper character evidence. We affirm.

## I. Admissibility of the Victim's Statement and Use of a Transcript

At trial, the State sought to admit into evidence a video of the victim's forensic interview, but the parties and the trial court were unable to clearly hear the audio of the interview. During a recess, a court reporter prepared a transcript of the audio for the jury to use while watching the video. The trial court found the forensic interview video admissible, explained the audio problems to the jurors, and allowed them to follow the transcript while watching the video. White argues that because the victim's statement in the video was not clearly audible, the trial court abused its discretion in admitting the video and allowing the jury to use the transcript.

Subsection 17–23–175(A) of the South Carolina Code (2014) provides that in a criminal proceeding, an out-of-court statement made by a child under the age of twelve is admissible if four requirements are met, including, "(2) an audio and visual recording of the statement is preserved on film, videotape, or other electronic means." The purposes of subsection 17–23–175(A)(2) include giving the jurors direct access—audio and visual—to the victim's statements to enable the jurors to more accurately evaluate the victim's credibility. Under subsection 17–23–175(A), therefore, there is an important difference between using a transcript to assist the jury in listening to the statement and using a transcript to replace an inaudible statement. In this case, the video of the forensic interview contained some sound but was not clearly audible.

When faced with the problem of poor audio quality, the trial court must use its discretion in determining whether the admission of a forensic interview meets the requirement of and is consistent with the purposes of subsection 17–23–175(A)(2). The trial court in this case demonstrated it understood the purposes of subsection 17–23–175(A)(2) when it explained to the jurors they must "listen and watch" and "decide what was said and done on the video, not what th[e] transcript is." Because the trial court focused on the purposes of the statute and fashioned a solution to the audio problem consistent with those purposes, we hold the court did not abuse its discretion in allowing the jurors to use the transcript and in admitting the forensic interview.[2]

## II. Remaining Issues

We affirm as to the remaining issues pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to White's argument that the trial court erred in finding the victim's statement provided particularized guarantees of trustworthiness, we find the trial court acted within its discretion. *See* S.C.Code Ann. § 17–23–175(B) (2014) (providing when determining whether a statement contains particularized guarantees of trustworthiness, the trial court may consider five factors: "(1) whether the statement was elicited by leading questions; (2) whether the interviewer has been trained in conducting investigative interviews of children; (3) whether the statement represents a detailed account of the alleged offense; (4) whether the statement has internal coherence; and (5) sworn testimony of any participant which may be determined as necessary by the court").

2. As to White's argument that the trial court erred in qualifying the forensic interviewer as an expert in the dynamics of child abuse, we find the trial court acted within its discretion. *See* Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a

---

2. Because we find the trial court acted within its discretion to admit the forensic interview under subsection 17–23–175(A), we need not address whether the interview was admissible under subsection 17–23–175(F) of the South Carolina Code (2014).

witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *Watson v. Ford Motor Co.,* 389 S.C. 434, 446, 699 S.E.2d 169, 175 (2010) (requiring as a foundation for the admission of expert testimony (1) the witness is qualified, (2) the testimony will assist the trier of fact, and (3) the method by which the witness reached the opinion is reliable); *State v. Brown,* 411 S.C. 332, 339–42, 768 S.E.2d 246, 250–51 (Ct.App.2015) (affirming the admission of expert testimony on child sex abuse dynamics when the foundation was properly laid under *Watson* ). *But see State v. Anderson,* 413 S.C. 212, 218–19, 776 S.E.2d 76, 79 (2015) (suggesting the "better practice" is not to have the forensic interviewer testify about child abuse assessment or dynamics).

3. As to White's argument that the trial court erred in denying his motion for a directed verdict, we find the State presented evidence of sexual battery. *See State v. Brannon,* 388 S.C. 498, 501, 697 S.E.2d 593, 595 (2010) (" 'When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight.' A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged. When reviewing a denial of a directed verdict, this Court views the evidence and all reasonable inferences in the light most favorable to the nonmoving party." (citations omitted)); *State v. Odems,* 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) ("[I]f there is any direct or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury." (emphasis omitted)); S.C.Code Ann. § 16–3–655(B) (2015) ("A person is guilty of criminal sexual conduct with a minor in the second degree if: (1) the actor engages in sexual battery with a victim who is fourteen years of age or less but who is at least eleven years of age...."); S.C.Code Ann. § 16–3–651(h) (2015) (defining "sexual battery" as "sexual intercourse ... or any intrusion, *however slight,* of any part of a person's body or of any object into the genital or anal openings of another person's body" (emphasis added)); *State v. Mathis,* 287 S.C. 589, 593, 340 S.E.2d 538, 541 (1986) (holding a six-year-old's testimony that it "hurt" when the defendant touched her vaginal area with his penis "is evidence of some 'intrusion,

however slight,' as ... required by § 16–3–651(h)" and thus the trial court "properly denied [the] motion for a directed verdict").

4. As to White's argument that the admission of the forensic interview deprived him of due process, we find no error. *See State v. Dukes*, 404 S.C. 553, 558, 745 S.E.2d 137, 140 (Ct.App.2013) (providing due process requires only "adequate notice of the proceeding, the opportunity to be heard in person, the opportunity to introduce evidence, the right to confront and cross-examine adverse witnesses, and the right to meaningful judicial review" (citation omitted)).

5. As to White's argument that the trial court erred in allowing the forensic interviewer to offer her opinion on the victim's credibility, we find the argument unpreserved. *See State v. Brown*, 402 S.C. 119, 125 n. 2, 740 S.E.2d 493, 496 n. 2 (2013) (stating an issue must be "raised to and ruled upon by the trial court" to be preserved for appellate review); *see also State v. Culbreath*, 377 S.C. 326, 333, 659 S.E.2d 268, 272 (Ct.App.2008) ("[A] defendant may open the door to what would be otherwise improper evidence through his own introduction of evidence or witness examination. A party cannot complain of prejudice from evidence to which he opened the door." (citation omitted)).

6. As to White's argument that the trial court erred in allowing the forensic interviewer to offer improper character evidence, we find the forensic interviewer testified only in general terms and her testimony was not offered for the purpose of proving White acted in conformance with any character trait. *See* Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.").

**AFFIRMED.**

KONDUROS and LOCKEMY, JJ., concur.