**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-6996**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

MARCUS ROOSEVELT TAYLOR,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Stephanie A. Gallagher, District Judge.  (1:17-cr-00106-GLR-6)

─────────────

Argued:  January 28, 2026                   Decided:  March 25, 2026

─────────────

Before KING, AGEE, and HEYTENS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ARGUED:**  Brent Evan Newton, Gaithersburg, Maryland, for Appellant.  Mary Jessica Kirsch Munoz, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.  **ON BRIEF:**  Kelly O. Hayes, United States Attorney, David C. Bornstein, Assistant United States Attorney, Brandon K. Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Taylor appeals the district court's denial of his 28 U.S.C. § 2255 motion for post-conviction relief. In particular, he challenges the district court's procedural decision to resolve his claims without first conducting an evidentiary hearing and its substantive decision to resolve them against him. For the reasons set forth below, we affirm the district court's judgment.

## I.

Taylor's convictions stem from crimes he committed while a member of Baltimore City's now-notorious Gun Trace Task Force (GTTF). All told, seven members of the GTTF were indicted and convicted for offenses arising from taking money and other items from citizens and for committing fraud with respect to their time sheets. Taylor and co-defendant Daniel Hersl exercised their right to a jury trial, while "[f]our officers pleaded guilty and cooperated by testifying at [that] trial." *United States v. Taylor*, 942 F.3d 205, 210 (4th Cir. 2019). The remaining officer pleaded guilty but did not testify.[1]

The jury convicted Taylor of conspiracy and substantive acts of racketeering, in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(d) and (c); and Hobbs Act robbery, in violation of 18 U.S.C. § 1951. The district court then sentenced Taylor to 216 months' imprisonment.

---

[1] Our prior decision on direct appeal ably recounts the nature of Taylor's crimes and the evidence supporting his convictions. *See* 942 F.3d at 210–13. We will not repeat those details here.

Taylor appealed, and we affirmed his convictions and sentence. In that direct appeal, he raised multiple challenges to the sufficiency of the evidence, asserted numerous errors relating to "trial-related motions," and disputed the substantive reasonableness of his sentence. *Taylor*, 942 F.3d at 210–11.

Thereafter, Taylor filed for post-conviction relief under § 2255, asserting over a dozen claims, including new challenges to the sufficiency of the evidence to convict him and claims of ineffective assistance of both trial and appellate counsel. The district court reviewed and rejected each claim and denied Taylor's § 2255 motion without conducting an evidentiary hearing. But since its reasoning "turn[ed], in some part, on deference to the Fourth Circuit's ruling on Mr. Taylor's direct appeal," the court deemed it appropriate to grant a certificate of appealability for each claim under § 2253(c)(2). J.A. 3051.

We therefore have jurisdiction under 28 U.S.C. §§ 1291 and 2253(c).

## II.

"On appeal from the denial of a 28 U.S.C. § 2255 motion, we review the district court's legal conclusions de novo." *United States v. Hashimi*, 110 F.4th 621, 627 (4th Cir. 2024). When, as here, the denial occurs "without an evidentiary hearing, we treat the district court's decision like a grant of summary judgment, which means that we view the facts in the light most favorable to the § 2255 movant . . . and draw reasonable inferences in his favor." *Id.*

As was true in his § 2255 motion, Taylor's opening brief raises multiple grounds for relief. In support of those grounds, in turn, he raises myriad sub-arguments in support

3

of the overarching assertions. We have reviewed all those arguments and the underlying record at length and conclude that they lack merit. Although we may quibble with some aspects of the district court's reasoning, we discern no error in its ultimate rejection of each of Taylor's claims for § 2255 relief. And we conclude that existing case law and the record so patently support this result that we need not address each of Taylor's arguments to do so. But our silence on a particular matter should not be viewed as a failure to consider and reject his arguments before the Court as we have considered them all in detail. Instead, for the sake of brevity, we elect to address his arguments at a categorical level, providing the core bases for our decision to affirm.

A.

Taylor first raises numerous arguments challenging the sufficiency of the evidence to support each of his convictions. Because those arguments should have been raised in his direct appeal, but were not, they are procedurally barred in his § 2255 motion unless he can first demonstrate "cause and prejudice"—such as ineffective assistance of appellate counsel—to excuse that failure.[2] *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (acknowledging that the Supreme Court has created an "equitable exception" to the procedural bar that exists when a claim seeking post-conviction relief was not raised on direct appeal "when a habeas applicant can demonstrate cause and prejudice"); *see Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350–51 (2006) ("The general rule in federal

---

[2] On appeal, Taylor asserts he has shown cause and prejudice by relying solely on the ineffective assistance of his appellate counsel—not any other grounds that could also clear this hurdle. Accordingly, we address only that basis.

4

habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review."); *Smith v. State of South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989) (observing that "cause" to excuse procedural default of an issue for purposes of habeas review exists based on appellate counsel's conduct only when counsel's performance was constitutionally defective). Taylor cannot make this showing.

Criminal defendants have a constitutional right to the effective assistance of counsel during their "first appeal as of right." *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). But this constitutional guarantee does not mean that appellate counsel must "raise every nonfrivolous issue" on direct appeal. *See Jones v. Barnes*, 463 U.S. 745, 750–54 (1983); *see id.* at 754 ("For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard."). To the contrary, claims of ineffective assistance of appellate counsel are reviewed under the standard two-prong analysis set out in *Strickland v. Washington*, 466 U.S. 666 (1994). *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000).

The *Strickland* test requires showing first that "'counsel's representation fell below an objective standard of reasonableness' in light of the prevailing professional norms," and, second, "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 688, 694).

5

When considering claims of ineffective assistance of appellate counsel under *Strickland*, "reviewing courts must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal.'" *Id.* (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). "Counsel is not obligated to assert all nonfrivolous issues on appeal, as '[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.'" *Id.* (cleaned up). For these reasons, the Supreme Court has recognized that it is generally "easier" for habeas petitioners alleging ineffective assistance of appellate counsel to meet their burden under *Strickland*'s first prong when counsel fails to notice an appeal or otherwise fails to file a merits brief than when counsel has filed a merits brief raising nonfrivolous issues. *Smith v. Robbins*, 528 U.S. 259, 288 (2000). That's because when no brief is filed, a habeas petitioner can demonstrate "that counsel was incompetent" by showing only "that a reasonably competent attorney would have found one nonfrivolous issue warranting a merits brief." *Id.* But when a merits brief was filed, a habeas petitioner must "show[] that a particular nonfrivolous issue was clearly stronger than issues that counsel did present." *Id.* "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986), *quoted favorably in Robbins*, 528 U.S. at 288.

Here, not only did appellate counsel file a merits brief, but that brief raised multiple issues challenging each conviction, trial motions, and sentencing. *Taylor*, 942 F.3d at 210–11. Although Taylor lost on direct appeal, that in itself does not call into question appellate

6

counsel's competency. We've compared the nature of the issues raised on direct appeal against the myriad sufficiency arguments Taylor raises now and conclude that none "are clearly stronger than those presented" previously. *Gray*, 800 F.2d at 646. For this reason, we conclude that Taylor's claims seeking to relitigate the sufficiency of the evidence to convict him are all procedurally barred because they were not raised during Taylor's direct appeal.[3]

## B.

Taylor next asserts a claim of ineffective assistance of trial counsel, which we review under *Strickland*. He challenges trial counsel's failure to file a post-trial motion for judgment of acquittal under Federal Rule of Criminal Procedure 29(c), arguing that counsel should have raised there the sufficiency challenges he attempted to raise in this § 2255

---

[3] Taylor also argues that the Government suborned perjury from two former GTTF members based on purported inconsistencies between their pretrial statements and trial testimony describing a particular event. This claim, which appears highly dubious, is procedurally barred in any event because Taylor failed to raise it in his direct appeal.

Taylor nevertheless asserts the district court erred by failing to consider the potential applicability of an exception to the procedural bar "for claims that could not be presented without further factual development," because he contends his argument relies on materials that were unavailable to him at trial. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). But the trial record flatly contradicts Taylor's assertions of unavailable materials. Indeed, trial counsel used some of the documents Taylor asserts were unavailable to him when cross-examining the very witnesses at issue about alleged prior inconsistent statements concerning the events in question. We therefore see no basis for considering whether this exception could ever be extended to the context in which Taylor presents it. And even if it could, the district court did not err in concluding that this claim had been procedurally defaulted. Given that procedural bar, there's no room for Taylor's related argument that he was entitled to an evidentiary hearing on this claim. *See, e.g., Pruett*, 996 F.2d at 1574 (observing that a "hearing could not remedy [petitioner's] procedural default" of a habeas claim).

7

motion. Taylor claims that counsel could not have made a strategic decision in failing to bring this motion because (1) the sufficiency challenges are meritorious; (2) there was no downside to filing the motion; and (3) nothing could have been drawn from the district court's earlier denial of his Rule 29(a) motion since the basis for the motions would have been different.

Under *Strickland*, "a strong presumption [exists] that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689. Moreover, our "highly deferential" review of trial counsel's performance means that, to show a constitutional deficiency under *Strickland*, counsel's errors must be "so serious as to deprive [Taylor] of a fair trial." *Id.* at 687, 689; *see also Harrington v. Richter*, 562 U.S. 86, 104 (2011) ("The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" (quoting *Strickland*, 466 U.S. at 687)). Based on our review of the record, including the strength of the Government's evidence, Taylor has not met his burden with respect to trial counsel's failure to move for judgment of acquittal under Rule 29(c). We therefore affirm the district court's rejection of this claim.

C.

Next, Taylor argues the district court committed procedural error by rejecting several claims of ineffective assistance of trial counsel without first holding a hearing. Section 2255 entitles petitioners to a "prompt hearing," "*[u]nless* the motion and the files and records of the case conclusively show that [they] are entitled to no relief." 28 U.S.C. § 2255(b) (emphasis added). From this, the Court has recognized that "if the parties

8

produce evidence disputing material facts with respect to non-frivolous habeas allegations, a court must hold an evidentiary hearing to resolve those disputes." *United States v. White*, 366 F.3d 291, 297 (4th Cir. 2004).

Taylor contends that disputed facts existed with respect to several of his claims, thus requiring an evidentiary hearing before they could be decided. Those claims include that trial counsel failed to: effectively cross-examine or impeach several former GTTF members and a victim witness about certain pretrial statements that differed in some respects from their trial testimony; introduce or investigate ways to call into question testimony and trial evidence; and object to the prosecution's closing argument and certain jury instructions that Taylor argues permitted the verdict to be based on something other than what was charged in the indictment. With respect to each of these points in the trial, Taylor asserts that counsel performed incompetently and that, but for that deficient conduct, the result of the trial would have been different.

Having reviewed Taylor's arguments in light of the trial as a whole, as well as how trial counsel approached each part of the challenged testimony and evidence introduced at trial, we conclude that the district court did not err in resolving these claims without first conducting an evidentiary hearing. The district court aptly observed when rejecting Taylor's claims that he's "retrospectively nitpicked the trial record and found a number of places where some competent lawyers could have made different choices," but he "has not painted a picture of deficient or incompetent counsel." J.A. 3046. In some instances, the record just doesn't reflect the inconsistencies or problems that Taylor posits, either because no conflict exists or because trial counsel *did* ask about certain prior inconsistent statements

9

or different interpretations of events. In other instances, it's far from clear that cross-examining on a particular line of questioning would have yielded any potential impeachment benefit. And in still more, Taylor makes mountains out of mole hills, attempting to show prejudicial error from a minor aspect of the overwhelming evidence against him.

While we reach this conclusion based on the totality, it's also relevant to our determination that Taylor failed to show any need to resolve disputes of fact or establish explanations for trial counsel's decisions in an evidentiary hearing. Under *Strickland*, trial counsel performs below constitutionally permissible levels only when she fails to act within "the wide range of professionally competent assistance," as determined by "prevailing professional norms." 466 U.S. at 690. While counsel has a duty to make "reasonable" decisions about defense strategy and cross-examination or impeachment, counsel's judgment on whether to pursue certain paths warrants "a heavy measure of deference." *Id.* at 690–91. And it's the defendant's burden to "overcome the presumption that, under the circumstances, the challenged action [or omission] 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Trial counsel is not ineffective just because she "did not spot, or did not choose to emphasize, every basis for undermining" a witness's testimony or credibility because "[t]he Sixth Amendment guarantees reasonable competence, not perfect litigation." *United States v. Munoz*, 605 F.3d 359, 381 (6th Cir. 2010) (citation omitted).

Consistent with these principles, habeas petitioners are not entitled to an evidentiary hearing every time he challenges as "unreasonable" a particular choice by trial counsel.

10

That would render the above-articulated *Strickland* standards unworkable and place district courts in an untenable position. All told, "the [§ 2255] motion and the files and records of [this] case conclusively show that [Taylor was] entitled to no relief." § 2255(b). So, the district court did not err in denying the motion without holding an evidentiary hearing. *See id.*

### III.

For the reasons set forth above, the district court's judgment denying Taylor's § 2255 motion is

*AFFIRMED*.

11