**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4946**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

RAHSEAN HOLMES, a/k/a Ox,

                    Defendant – Appellant.

**No. 09-4313**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ANTIONE BOYCE, a/k/a Dallas,

                    Defendant – Appellant.

Appeals from the United States District Court for the District
of Maryland, at Baltimore.  Catherine C. Blake, District Judge.
(1:07-cr-00383-CCB-1; 1:07-cr-00383-CCB-3)

Submitted:  March 4, 2010          Decided:  April 30, 2010

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————————

Thomas J. Saunders, LAW OFFICE OF THOMAS J. SAUNDERS, Baltimore, Maryland; Michael Lawlor, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for Appellants. Rod J. Rosenstein, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rahsean Holmes was convicted after a jury trial of two counts of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a) (2006), one count of possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 2, 922(g)(1) (2006), one count of conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846 (2006), and one count of possession of firearms in furtherance of a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). The district court sentenced Holmes to 420 months' imprisonment. Antione Boyce was convicted after a jury trial of one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), one count of possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), one count of possession of firearms in furtherance of a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and one count of conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846. The district court sentenced Boyce to 210 months' imprisonment, a prison term that includes a 60-month consecutive sentence on the § 924(c) count. Holmes and Boyce appeal their convictions and sentences. We affirm.

3

Holmes and Boyce first contend that the § 1951(a) counts were constructively amended by the district court's jury instructions, rendering those convictions invalid under the Fifth Amendment. Additionally, because the district court instructed the jury that it could convict on the § 924(c) counts if it found that Holmes and Boyce possessed firearms to further their § 1951(a) violations, they contend that the district court's Fifth Amendment error warrants reversal of the § 924(c) counts as well. These claims are without merit.

A criminal defendant may only be tried on charges alleged in an indictment, and "only the grand jury may broaden or alter the charges in the indictment." United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999). "A constructive amendment to an indictment occurs when . . . the court (usually through its instructions to the jury) . . . broadens the possible bases for conviction beyond those presented by the grand jury," which results in a "fatal variance[] because 'the indictment is altered to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment.'" United States v. Foster, 507 F.3d 233, 242 (4th Cir. 2007) (quoting Randall, 171 F.3d at 203 (internal quotation marks omitted)). Constructive amendments are "error per se and, given the Fifth Amendment right to be indicted by a grand jury, 'must be

4

corrected on appeal even when not preserved by objection.'" Id. (quoting United States v. Floresca, 38 F.3d 706, 714 (4th Cir. 1994) (en banc)). However, not every variance between an indictment and jury instructions rises to the level of a constructive amendment. Indeed, it is well-established that "when the Government charges in the conjunctive, [but] the statute [at issue] is worded in the disjunctive, the district court can instruct the jury in the disjunctive" without constructively amending the indictment. United States v. Perry, 560 F.3d 246, 256 (4th Cir.), cert. denied, 130 S. Ct. 177 (2009). Instructing otherwise would "improperly add elements to the crime that are not contained in the statute itself." United States v. Montgomery, 262 F.3d 233, 242 (4th Cir. 2001).

Here, although the indictment charged Holmes and Boyce with conspiring to "obstruct, delay, and affect commerce" by robbery, the pertinent statute, 18 U.S.C. § 1951(a), is phrased disjunctively, and the district court's jury instructions on those counts tracked the statutory language. Accordingly, because the district court did not constructively amend the indictment as to the § 1951(a) counts, Holmes' and Boyce's claims of Fifth Amendment error fail.

Next, Holmes contends that the district court erred in denying his pre-trial request to represent himself. Although a criminal defendant has the right to represent himself at trial,

5

Faretta v. California, 422 U.S. 806, 819-20 & n.15 (1975), his assertion of that right must be "(1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely," United States v. Bush, 404 F.3d 263, 271 (4th Cir. 2005). A deprivation of the right to self-representation is a structural error that requires automatic reversal because the impact of "its denial is not amenable to 'harmless error' analysis." McKaskle v. Wiggins, 465 U.S. 168, 177 n.8 (1984).

After review of the record, we conclude that Holmes did not clearly and unequivocally invoke his right to self-representation. A little over two weeks prior to the start of trial, Holmes' mother filed a motion on his behalf, requesting the dismissal of Holmes' court-appointed counsel, the appointment of new counsel for Holmes, and a delay in the trial start date. At a hearing on the motion, Holmes voiced complaints concerning counsel's performance, but when asked directly by the district court whether he wanted to represent himself, Holmes only reiterated his request for new counsel. Holmes also concurred with the district court that self-representation would be "foolish" and conceded that he was not equipped to represent himself. Although Holmes did voice some willingness to represent himself, he never explicitly and unequivocally requested to do so.

6

Holmes also claims that the district court erred in denying his motion to suppress evidence seized during a vehicle search and in enhancing his sentence under 21 U.S.C. § 851 (2006). However, because Holmes fails to support these claims in accordance with Fed. R. App. P. 28(a)(9)(A) ("[T]he [appellant's] argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."), we deem them abandoned. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) ("Failure to comply with the specific dictates of [Fed. R. App. P. 28(a)(9)(A)] with respect to a particular claim triggers abandonment of that claim on appeal."); 11126 Baltimore Blvd., Inc. v. Prince George's County, 58 F.3d 988, 993 n.7 (4th Cir. 1995) (en banc) (involving the predecessor to Fed. R. App. P. 28(a)(9)(A)), abrogated on other grounds by, City of Littleton v. Z.J. Gifts D-4, L.L.C., 541 U.S. 774 (2004); see also Rosenberger v. Rector & Visitors of Univ. of Va., 18 F.3d 269, 276 (4th Cir. 1994) (concluding that where the parties fail to support their claims with contentions and citations to the record, such failure precludes this court from considering those claims), rev'd on other grounds, 515 U.S. 819 (1995).

Boyce also challenges the district court's enhancement under 21 U.S.C. § 851 of his sentence on the § 846 conspiracy

7

count.  He argues first that the enhancement violates the Fifth Amendment because the predicate felony convictions used to enhance his sentence under § 851 were not referenced in the indictment.  However, this claim fails under controlling circuit precedent, see United States v. Thompson, 421 F.3d 278, 284 n.4 (4th Cir. 2005) (holding that an indictment need not reference or list the prior convictions used to enhance a sentence); United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir. 2005) (holding that prior convictions used as the basis for an armed career criminal sentence need not be charged in indictment or proven beyond a reasonable doubt).

Boyce also argues that the § 851 enhancement violates the Sixth Amendment.  Although Boyce recognizes that the Supreme Court has held that the Government need not plead a prior conviction in an indictment or present such evidence to a jury in order to rely on it to enhance a sentence, see Almendarez-Torres v. United States, 523 U.S. 224, 226-27, 247 (1998), he asserts that the precedential value of Almendarez-Torres is open to question, relying on Apprendi v. New Jersey, 530 U.S. 466, 489 (2000) ("[I]t is arguable that Almendarez-Torres was incorrectly decided."), Shepard v. United States, 544 U.S. 13, 27 (2005) (Thomas, J., concurring) (stating that "a majority of the [Supreme] Court now recognizes that Almendarez-Torres was wrongly decided"), and Blakely v. Washington, 542

8

U.S. 296, 304 (2004) ("When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." (internal quotation marks and citation omitted)).  Though many defendants argue that Almendarez-Torres may no longer be good law, Booker clearly maintained the prior conviction exception, see United States v. Booker, 543 U.S. 220, 244 (2005) ("Any fact (other than a prior conviction) [that] is necessary to support a sentence . . . must be admitted by the defendant or proved to a jury."), and this court has confirmed that Almendarez-Torres was not overruled by either Apprendi or Booker and remains the law.  Cheek, 415 F.3d at 353; United States v. Sterling, 283 F.3d 216, 220 (4th Cir. 2002).

Finally, Boyce argues that the district court erred in imposing a consecutive, 60-month mandatory minimum prison term on his § 924(c) conviction.  Section 924(c)(1)(A) of Title 18 provides, in relevant part, for a mandatory minimum sentencing schedule, "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law."  In light of this clause, Boyce argues that the district court erred in imposing the 60-month sentence because he was already subject to a ten-year mandatory minimum sentence due to his conviction on the § 846 count and his prior

9

drug convictions.  Boyce correctly concedes, however, that the argument he advances is foreclosed by United States v. Studifin, 240 F.3d 415 (4th Cir. 2001).  Although Boyce suggests that Studifin should be re-examined, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court.  Only the Supreme Court or this court sitting en banc can do that."  Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 n.2 (4th Cir. 2002) (internal quotation marks omitted).

Accordingly, we affirm the district court's judgments and deny Boyce's motion for abeyance.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED