20934

The STATE, Respondent, v. Earle MOULTRIE, Johnny Squires and Willie Kinard, of whom Willie Kinard is Appellant.

(254 S. E. (2d) 294)

*James C. Carroll, Jr.* and *Walter M. Bailey, Jr.,* Summerville, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes* and *Staff Atty. Buford S. Mabry, Jr.,* Columbia, and *Sol. Norman E. Fogle* and *Asst. Sol. Alvin C. Biggs,* Orangeburg, *for respondent.*

April 12,1979.

*Per Curiam:*

Appellant was convicted of armed robbery of a convenience store in Dorchester County. We affirm.

Appellant assigns as error the trial judge's failure to exclude a signed statement which he gave to law enforcement officers one day after his arrest. Uncontradicted testimony indicates appellant was arrested on November 8, 1977, and incarcerated in the Dorchester County Jail. At approximately one o'clock p. m. on November 9, 1977, appellant was taken to the sheriff's office where he was given the *Miranda* warnings and waived his privilege against self-incrimination and his right to counsel. One and one-half hours later appellant signed a statement admitting his participation in the armed robbery. The basis of appellant's assignment of error is the failure of the law enforcement officers to give him the *Miranda* warnings immediately prior to signing the statement. Appellant does not contest the original waiver of his *Miranda* rights, but contends that the lapse of one and one-half hours between the waiver and signing the statement operates as an implied revocation of the waiver.

*Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602, ▮ 16 L. Ed. 2d 694 (1966) states, *inter alia,* "Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." *Id.* 384 U. S. at 473, 474, 86 S. Ct. at 1627. We interpret this as indicating that, once a voluntary waiver of the *Miranda* rights is effected, the waiver continues in effect until the individual being questioned indicates that he wishes to revoke the waiver and re-

main silent; or circumstances exist which establish that his will was overborne and his capacity for self-determination critically impaired. [see *Schneckloth v. Bustamonte,* 412 U. S. 218, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973)]. "Whether or not there has been an intelligent waiver of the right to counsel depends upon the particular facts and circumstances of each case." *State v. Pendergrass,* 270 S. C. 1, 239 S. E. (2d) 750 (1977).

We hold that once a valid waiver of *Miranda* rights has been effected, the waiver continues until such time as the individual being questioned indicates that he wishes to revoke the waiver or circumstances exist which establish that his will has been overborne and his capacity for self-determination critically impaired. In the instant case, appellant did not indicate that he wished to revoke the waiver of his *Miranda* rights and the mere lapse of one and one-half hours is insufficient to establish that appellant's will was overborne or his capacity for self-determination critically impaired. Accordingly, the trial judge properly admitted appellant's signed statement into evidence.

After a full consideration of appellant's remaining exceptions, we are convinced that a full written opinion would have no precedential value and no reversible error of law is present. Accordingly, they are dismissed pursuant to Rule 23 of the Rules of Practice of this Court and the judgment of the trial court is affirmed.