22660

The STATE, Respondent v. Allen Stewart PEAKE, Appellant.

(352 S. E. (2d) 487)

Supreme Court

*Asst. Appellate Defender Tara D. Shurling, of S. C. Office of Appellate Defense, Columbia, for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., and Carolyn M. Adams, Columbia, and Sol. Holman C. Gossett, Jr., Spartanburg, for respondent.*

Heard Nov. 20, 1986.

Decided Jan. 19, 1987.

FINNEY, Justice:

Appellant Allen Stewart Peake was convicted of murder and sentenced to life imprisonment. We reverse and remand for a new trial.

Appellant contends the trial court erred in admitting into evidence a statement he made while in police custody because the statement was involuntary and induced by a promise not to seek the death penalty.

At the suppression hearing, the investigating officer testified on direct examination that he made the following statement to the appellant during a portion of the interrogation and prior to the challenged statement:

Q. [Solicitor] All right. And what else did you state to Mr. Peake?

A. I made a suggestion to him that the State would not ask for the death penalty in this case and that I would call the Solicitor and have him put it in writing to that effect, prior to me talking to him about it.

On cross examination of the investigating officer, the following colloquy took place:

Q. And yet you told Allen Peake that if he would give you a statement that you would guarantee to him that you would not seek the death penalty.

A. That's what I told him.

Subsequent to this conversation with the officer, the appellant gave the challenged statement. In our view, the officer was in a position of apparent authority, and his comments are tantamount to a promise not to seek the death penalty if the appellant gave a statement.

The test for determining the admissibility of a statement is whether it was knowingly, intelligently, and voluntarily given under the totality of the circumstances. *State v. Rabon*, 275 S. C. 459, 272 S. E. (2d) 634 (1980). A statement induced by a promise of leniency is involuntary only if so connected with the inducement as to be a consequence of the promise. See *State v. Broome*, 268 S. C. 99, 232 S. E. (2d) 324 (1977); and 23 C.J.S., *Criminal Law*, § 825. The State bears the burden of proving beyond a reasonable doubt the statement given was voluntary. *State v. Goolsby*, 275 S. C. 110, 268 S. E. (2d) 31 (1980), *cert. denied*, 449 U. S. 1037, 101 S. Ct. 616, 66 L. Ed. (2d) 500.

The State has failed to meet its burden of showing the appellant's statement was voluntary and not the product of the officer's promise of leniency. Therefore, the statement should have been excluded.

Appellant's remaining exceptions are disposed of pursuant to Supreme Court Rule 23.

Reversed and remanded.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.