23186

The STATE, Respondent v. Darryl ROCHESTER, Appellant.

(391 S.E. (2d) 244)

Supreme Court

*Assistant Appellate Defender Joseph L. Savitz, III,* of *S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Sol. Wade S. Kolb, Jr.,* Sumter, *for respondent.*

Heard Feb. 6, 1990.

Decided April 2, 1990.

HARWELL, Justice:

Appellant Darryl Rochester was convicted for murder, kidnapping, and the malicious destruction of personal property. The trial judge directed a verdict in favor of appellant on the criminal sexual conduct charge. Although the State sought the death penalty, appellant received a life sentence. Appellant argues the trial judge erred in admitting three statements made by him because they were induced by a promise of leniency. Additionally, he asserts that the last two of those statements were inadmissible because they were obtained after he had invoked his right to counsel.

## I. FACTS

On December 20, 1987, the naked and burned body of Lily Tomlin Wells, the mother of appellant's two illegitimate children, was discovered inside her car in Sumter County. At about 7:00 p.m. that evening, appellant was taken into custody and transported to the Sumter Police Station. Appellant was then taken to the State Law Enforcement Division in Columbia where he arrived at about 8:30 p.m. for a polygraph test. Prior to being tested, the polygraph examiner administered the *Miranda*[1] warnings. Three tests were administered between the hours of 9:18 p.m. and 9:38 p.m.

---

[1] *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) (1966).

Appellant repeatedly denied any involvement in the murder despite the polygraph examiner telling appellant that he knew he was lying. At some point, the polygraph examiner told appellant that "it would be certainly, probably, in his best interest to tell the truth." Between approximately 10:00 p.m. and 11:00 p.m., appellant gave a detailed confession. Appellant admitted abducting the victim, running over her with her car, stripping her, and then setting fire to her body and the car. After the polygraph test, appellant was taken back to Sumter County.

On the morning of December 21, 1987, appellant was interviewed by a Sumter County Correctional Center employee who aided him in executing an application for the appointment of counsel. The police did not know of this request and that afternoon, they gave appellant his *Miranda* warnings and obtained uncounseled "statements" further implicating appellant in the murder. Appellant took the investigating officers to the crime scene and cooperated with the police in obtaining a search warrant for his apartment where appellant's clothes, stained with the victim's blood, were discovered.

On the afternoon of December 23, 1987, the police, still unaware of appellant's request for counsel, approached appellant in jail and asked if they could question him concerning the murder. Appellant was again advised of his *Miranda* rights and signed a waiver form. Appellant then gave a statement to the police. The trial judge denied appellant's suppression motions as to each of the statements. This appeal follows.

## II. DISCUSSION

### A. ADMISSIBILITY OF APPELLANT'S CONFESSION ON DECEMBER 20, 1987

At trial, appellant made a motion to have the December 20, 1987 confession suppressed. The basis of this motion was that the confession was involuntary and the result of coercion. Appellant argues that the confession was improperly induced by a promise of leniency, specifically the polygraph examiner's statement that it would be in appellant's best interest to tell the truth.

We find that appellant's confession was freely and voluntarily made and hence, admissible. If a defendant, as here, "was advised of his *Miranda* rights, but nevertheless chose to make a statement, the burden is on the State to prove by a preponderance of the evidence that his rights were voluntarily waived." *State v. Neeley*, 271 S.C. 33, 40, 244 S.E. (2d) 522, 526 (1978). Once a voluntary waiver of the *Miranda* rights is made, that waiver continues until the individual being questioned indicates that he wants to revoke the waiver and remain silent or circumstances exist which establish that his "will has been overborne and his capacity for self-determination critically impaired." *State v. Moultrie*, 273 S.C. 60, 62, 254 S.E. (2d) 294, 295 (1979). Further, the confession may not be "extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of improper influence." *Hutto v. Ross*, 429 U.S. 28, 30, 97 S. Ct. 202, 203, 50 L. Ed. (2d) 194, 197 (1976) (brackets in original). A statement induced by a promise of leniency is involuntary only if so connected with the inducement as to be a consequence of the promise. *State v. Peake*, 291 S.C. 138, 352 S.E. (2d) 487 (1987). The trial judge's determination of whether a statement was knowingly, intelligently, and voluntarily made, requires an examination of "the totality of the circumstances" surrounding the waiver. *State v. Doby*, 273 S.C. 704, 258 S.E. (2d) 896 (1979). On appeal, the conclusion of the trial judge on issues of fact as to the voluntariness of a confession will not be disturbed unless so manifestly erroneous as to show an abuse of discretion. *State v. Livingston*, 223 S.C. 1, 73 S.E. (2d) 850 (1952).

In response to appellant's assertion that his confession was induced by the polygraph examiner's alleged promise of leniency, we find that this case is clearly distinguishable from *Peake*. In *Peake*, the defendant made an inculpatory statement after unequivocally being told by the interrogating officers that the State would not seek the death penalty if he gave a statement. In *Peake*, we reversed the defendant's conviction and sentence on the ground that his inculpatory statement was the product of the officer's promise of leniency and should have been excluded. Here, the investigating officers did not at any time promise appellant anything if he gave a statement. The polygraph examiner's

statement was not on its face an inducement or hope of lighter punishment. Standing alone, the polygraph examiner's comment did not constitute the kind of hope or reward or benefit condemned by this Court in *Peake. See also Tyler v. State*, 247 Ga. 119, 274 S.E. (2d) 549 (1981) (officer's advisement to accused that it is always best to tell the truth will not, without more, render a subsequent confession inadmissible).

Considering the "totality of the circumstances," appellant's confession was properly admitted into evidence. In addition to our finding that appellant's confession was not induced by a promise of leniency, there is sufficient evidence that shows appellant was not worn down by improper interrogation tactics such as lengthy questioning, trickery, or deceit. Appellant's confession was not induced by force, psychological or physical, or by direct or implied threats. The trial judge properly admitted appellant's confession made on December 20, 1987.

## B. ADMISSIBILITY OF APPELLANT'S STATEMENTS ON DECEMBER 21, 1987 AND DECEMBER 23, 1987

On appeal, appellant also asserts that his statements made on December 21, 1987 and December 23, 1987 were inadmissible because they, like the December 20, 1987 confession, were induced as a result of the polygraph examiner's alleged promise of leniency. As discussed above, this contention is meritless.

Appellant also argues that these statements were improperly admitted because they were obtained after he had invoked his right to counsel by requesting the appointment of a public defender. We need not address this issue or whether these statements were voluntarily made because these statements were merely cumulative to those properly obtained in the December 20, 1987 confession and to appellant's testimony at trial. *See State v. Blackburn*, 271 S.C. 324, 247 S.E. (2d) 334 (1978) (admission of improper evidence is harmless where evidence is merely cumulative to other evidence). Although in the more detailed statement of December 23, 1987, appellant admitted sexual intercourse with the victim, appellant was not prejudiced by the

admission of this statement since the trial judge directed a verdict for appellant on the criminal sexual conduct charge.

For the reasons discussed above, appellant's convictions and life sentence for murder, kidnapping, and the malicious destruction of personal property are affirmed.

Affirmed.

GREGORY, C. J., CHANDLER and TOAL, JJ., and LITTLEJOHN, Acting Associate Justice, concur.