THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 George Moses, Appellant.
 
 
 

Appeal From Orangeburg County
  James C. Williams, Jr., Circuit Court
Judge

Unpublished Opinion No.  2010-UP-394
 Submitted August 2, 2010  Filed August
30, 2010

AFFIRMED

 
 
 
 
 Appellate Defender Elizabeth A. Franklin-Best, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 and Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia;
 and Solicitor David Michael Pascoe, Jr.,  of Orangeburg, for Respondent.
 
 
 
 

PER CURIAM: George
 Moses was convicted of voluntary
 manslaughter and armed robbery.  The trial court sentenced him to
 life imprisonment.  On appeal, Moses argues the trial court denied him his Fifth
 Amendment right to counsel by admitting a written statement he gave the police
 after he invoked his right to counsel.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. Pagan, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the
 trial court and will not be reversed absent an abuse of discretion.  An abuse
 of discretion occurs when the conclusions of the trial court either lack
 evidentiary support or are controlled by an error of law.") (citation
 omitted); State v. Rochester, 301 S.C. 196, 201, 391 S.E.2d 244,
 247 (1990) (holding the admission of improper evidence is harmless when
 evidence is merely cumulative to other evidence); State v. Jarrell, 350
 S.C. 90, 100-01, 564 S.E.2d 362, 368 (Ct. App. 2002) (finding harmless error
 when the statement was almost identical to the testimony of three witnesses at
 trial).  
AFFIRMED.
FEW, C.J., KONDUROS and LOCKEMY, JJ., concur.  

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.