THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Corvin Young, Appellant.
 
 
 
 
 

Appeal From Spartanburg County
Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2010-UP-548
 Submitted December 1, 2010  Filed
December 17, 2010    

AFFIRMED

 
 
 
 Appellate Defender Robert M. Pachak, of
 Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Senior Assistant Attorney General Norman Mark Rapoport, all
 of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM: Corvin Young appeals his conviction of
 discharging a firearm into a dwelling, arguing the trial court erred in ruling
 that his request for counsel was ambiguous.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities: State v. Rochester, 301 S.C. 196, 200, 391 S.E.2d
 244, 247 (1990) ("On appeal, the conclusion of the trial judge on issues
 of fact as to the voluntariness of a [statement] will not be disturbed unless
 so manifestly erroneous as to show an abuse of discretion."); Davis v.
 United States, 512 U.S. 452, 461-62 (1994) (holding if a suspect's request
 for counsel "is not an unambiguous or unequivocal request for counsel, the
 officers have no obligation to stop questioning him");  Edwards v.
 Arizona, 451 U.S. 477, 485 (1981) (holdingofficers may continue with an interrogation after the accused requests
 counsel if the accused "initiates further communication, exchanges, or
 conversations with the police").     
AFFIRMED.
FEW, C.J., and
 SHORT and WILLIAMS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.