**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Supreme Court

The State, Respondent,

v.

Joseph Davis, Appellant.

Appellate Case No. 2011-195246

---

Appeal from Hampton County
Perry M. Buckner, Circuit Court Judge

---

Memorandum Opinion No. 2013-MO-031
Heard October 1, 2013 – Filed October 9, 2013

---

### AFFIRMED

---

Breen R. Stevens, of Orangeburg, and Appellate Defender Benjamin J. Tripp, of Columbia, for Appellant.

Attorney General Alan M. Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General J. Anthony Mabry, and Assistant Attorney General Alphonso Simon Jr., all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

---

**PER CURIAM:** Joseph Davis appeals his convictions for murder, armed robbery, and second degree burglary (violent). He contends the trial court erred in failing to suppress his confession as involuntarily given and therefore violated his right to due process. Specifically, he argues his confession was given in response to police officers' promises they would reopen an investigation into the murder of his mother. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: *State v. Von Dohlen*, 322 S.C. 234, 243, 471 S.E.2d 689, 694–95 (1996) ("A confession is not admissible unless it was voluntarily made[ and a] determination of whether a confession was given voluntarily requires an examination of the totality of the circumstances."); *State v. Rochester*, 301 S.C. 196, 200, 391 S.E.2d 244, 247 (1990) ("On appeal, the conclusion of the trial judge on issues of fact as to the voluntariness of a confession will not be disturbed unless so manifestly erroneous as to show an abuse of discretion."); *see id.* at 200, 391 S.E.2d at 246–47 ("A statement induced by a promise of leniency is involuntary only if so connected with the inducement as to be a consequence of the promise.").

**AFFIRMED.**

**TOAL, C.J., BEATTY, KITTREDGE and HEARN, JJ., concur.**