**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Sam Harold Smith, Appellant.

Appellate Case No. 2012-211846

Appeal From Spartanburg County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2014-UP-047
Submitted November 1, 2013 – Filed February 5, 2014

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Breeze*, 379 S.C. 538, 543, 665 S.E.2d 247, 250 (Ct. App. 2008) ("Our role when reviewing a trial court's ruling concerning the admissibility

of a statement upon proof of its voluntariness is not to reevaluate the facts based on our view of the preponderance of the evidence."); *id*. ("[O]n appeal the trial court's findings as to the voluntariness of a statement will not be reversed unless they are so erroneous as to show an abuse of discretion."); *id*. at 544, 665 S.E.2d at 250 ("The test of voluntariness is whether a suspect's will was overborne by the circumstances surrounding the given statement."); *id*. ("In making this determination, the trial court must examine the totality of the circumstances surrounding the statement."); *State v. Miller*, 375 S.C. 370, 385, 652 S.E.2d 444, 452 (Ct. App. 2007) (stating that in analyzing the totality of the circumstances, courts consider such factors as "the crucial element of police coercion, the length of the interrogation, its location, its continuity, the defendant's maturity, education, physical condition, and mental health" (citations omitted)); *id*. at 386, 652 S.E.2d at 452 ("Appellate entities in South Carolina have recognized that appropriate factors to consider in the totality-of-circumstances analysis include:  background, experience, and conduct of the accused; age; length of custody; police misrepresentations; isolation of a minor from his or her parent; threats of violence; and promises of leniency."); *id*. ("Coercive police activity is a necessary predicate to finding a statement is not voluntary."); *State v. Rochester*, 301 S.C. 196, 200, 391 S.E.2d 244, 246 (1990) (stating a "confession may not be extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of improper influence" (citations and internal quotation marks omitted)); *Miller*, 375 S.C. at 387-88, 652 S.E.2d at 453 (upholding the trial court's determination of voluntariness because the trial court had the opportunity to listen to the testimony, assess the demeanor and credibility of witnesses, and weigh evidence accordingly when defendant's attorney testified defendant was coerced into making a statement by a promise of a lenient sentence but four witnesses for the State denied any promise of leniency).

**AFFIRMED.**[1]

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.