**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Anthony Jackson, Appellant.

Appellate Case No. 2012-213445

———————————

Appeal From Horry County
Edward B. Cottingham, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-348
Heard September 10, 2014 – Filed October 1, 2014

———————————

**AFFIRMED**

———————————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

———————————

**PER CURIAM:** Anthony Jackson challenges his conviction for first-degree burglary, arguing the trial court (1) violated his constitutional right under the Sixth

Amendment to proceed pro se at two pretrial hearings and during voir dire and jury selection, and (2) erred by refusing to suppress statements he made to police.

We first address Jackson's assertion that the trial court violated his right to proceed pro se when it did not conduct an inquiry pursuant to *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525 (1975), before it proceeded with the pretrial *Jackson v. Denno*[1] hearing.  *See Faretta*, 422 U.S. at 819-21, 95 S. Ct. at 2533-34 (holding the Sixth Amendment guarantees a criminal defendant the right to waive appointed counsel and proceed pro se); *State v. Reed*, 332 S.C. 35, 41, 503 S.E.2d 747, 750 (1998) (interpreting *Faretta* as requiring a trial court to "ensure that the accused is informed of the dangers and disadvantages of self-representation, and makes a knowing and intelligent waiver of the right to counsel").  We find Jackson did not unequivocally assert his right to proceed pro se at this time, and thus, no violation occurred when the court did not conduct a *Faretta* inquiry.  *See State v. Winkler*, 388 S.C. 574, 586, 698 S.E.2d 596, 602 (2010) (stating "[t]he request to proceed pro se must be clearly asserted"); *see also Raulerson v. Wainwright*, 469 U.S. 966, 970-71, 105 S. Ct. 366, 369 (1984) (Marshall, J., dissenting from denial of cert.) ("If a request [for self-representation] is ambiguous, the trial judge need not respond, because there has been no clear indication of a desire to waive a right to counsel."); *United States v. Holmes*, 376 F. App'x 346, 348-49 (4th Cir. 2010) (concluding defendant "did not clearly and unequivocally invoke his right to self-representation" when he "voiced complaints concerning counsel's performance, but when asked . . . whether he wanted to represent himself, [he] only reiterated his request for new counsel"); *State v. Sims*, 304 S.C. 409, 414-15, 405 S.E.2d 377, 380-81 (1991) (holding the defendant "gave no indication of a desire to proceed pro se" when he asked the court to appoint another attorney).

Jackson next argues the trial court erred by deferring its ruling on his request to proceed pro se before the *Neil v. Biggers*[2] hearing because it deprived him of the right to represent himself during that hearing.  While South Carolina courts have not ruled on this specific issue, we discovered no cases explicitly prohibiting a trial court from delaying its ruling on a *Faretta* motion.  Instead, we found cases supporting a trial court's ability to exercise discretion in deciding when to rule on a *Faretta* motion; thus, we hold that, under the circumstances presented in this case, there exists no legal authority to support Jackson's position.  *See Nelson v.*

---

[1] 378 U.S. 368, 84 S. Ct. 1774 (1964).

[2] 409 U.S. 188, 93 S. Ct. 375 (1972).

*Alabama*, 292 F.3d 1291, 1296 (11th Cir. 2002) ("The Supreme Court in *Faretta* did not set out any fixed time frame for the holding of the *Faretta* hearing . . . ."); *United States v. Frazier-El*, 204 F.3d 553, 559 (4th Cir. 2000) (stating "the *Faretta* right to self-representation is not absolute, and 'the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer'" (quoting *Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 162, 120 S. Ct. 684, 691 (2000))); *Swan v. Commonwealth*, 384 S.W.3d 77, 94-95 (Ky. 2012) ("[I]nvocation [of the right to self-representation] does not set into motion rigid, mechanical procedures that must be followed to the letter to avoid an error. The invocation of the right and whether the proper procedures were followed must be evaluated in the context of a given case. Otherwise, any hint of an invocation of the right, even if immediately withdrawn, would require a *Faretta* hearing. But the law does not require such empty process."); 384 S.W.2d at 95 ("[W]hile the right is a structural right, it must still be applied in the real world, which sometimes requires a practical approach, not an absolute and unbending one."); *State v. Madsen*, 229 P.3d 714, 717 (Wash. 2010) ("Even if a request is unequivocal, timely, voluntary, knowing, and intelligent, a court may defer ruling if the court is reasonably unprepared to immediately respond to the request."); 229 P.3d at 718 ("The trial court was within the bounds of proper discretion to delay ruling on the matter until it could properly prepare to rule on the issue."); 229 P.3d at 722 (Fairhurst, J., concurring) ("[A] court's discretionary decision to defer ruling on a motion to proceed pro se should be upheld if the deferral was based on tenable grounds and tenable reasons.").

Jackson also asserts that even though the trial court later determined he validly waived his right to counsel under *Faretta*, the court erred by refusing to allow him to represent himself during voir dire and jury selection. First, we find the record does not support this assertion—that the trial court refused to allow Jackson to represent himself. After concluding Jackson "freely and voluntarily" waived his right to counsel, the court asked trial counsel to "stand by" and provide assistance to Jackson. When members of the jury panel entered, the court explained Jackson "desire[d] to represent himself," and stated, "I've permitted [trial counsel] to sit here and assist the defendant in the selection of the jury only." The court never prohibited Jackson from participating during these proceedings and did not otherwise limit his involvement. Second, to the extent Jackson argues the trial court erred in appointing trial counsel to the position of "standby counsel" to provide assistance to Jackson during voir dire and jury selection, we find the trial court acted within its discretion. *See Faretta*, 422 U.S. at 834 n.46, 95 S. Ct. at 2541 n.46 (recognizing a trial court "may—even over objection by the accused—appoint a 'standby counsel'" to assist a defendant in presenting his defense); *United*

*States v. Lawrence*, 161 F.3d 250, 253 (4th Cir. 1998) (stating a trial court has "broad discretion to guide what, if any, assistance standby . . . counsel may provide to a defendant conducting his own defense").

Finally, Jackson argues the trial court erred when it admitted in evidence statements he made to police because the officer who conducted his interview made threatening comments regarding the consequences of Jackson's refusal to cooperate. *See State v. Franklin*, 299 S.C. 133, 137, 382 S.E.2d 911, 913 (1989) ("The test of admissibility of a [defendant's] statement [to police] is voluntariness."); *State v. Rochester*, 301 S.C. 196, 200, 391 S.E.2d 244, 247 (1990) (stating police may not extract a defendant's statement by using threats or exerting improper influence). We find there is evidence to support the trial court's ruling that Jackson's statements to police were freely and voluntarily given. *See State v. Saltz*, 346 S.C. 114, 136, 551 S.E.2d 240, 252 (2001) (stating an appellate court reviews a ruling concerning voluntariness under an "any evidence" standard); *Rochester*, 301 S.C. at 199-201, 391 S.E.2d at 246-47 (finding a polygraph examiner's statement to defendant that "it would be in [his] best interest to tell the truth" was not improper); *State v. Simmons*, 384 S.C. 145, 164, 682 S.E.2d 19, 29 (Ct. App. 2009) (finding an officer's statement to defendant "that if [he] cooperated, 'it would be considered at sentencing'" was permissible); *State v. Arrowood*, 375 S.C. 359, 368-69, 652 S.E.2d 438, 443 (Ct. App. 2007) (finding "officers' offer[s] to attest to [defendant]'s cooperation" were not improper). *Cf. State v. Osborne*, 301 S.C. 363, 366-67, 392 S.E.2d 178, 179-80 (1990) (holding defendant's statement inadmissible where officers threatened to charge defendant with an additional crime if she remained silent); *State v. Hook*, 348 S.C. 401, 413-14, 559 S.E.2d 856, 862 (Ct. App. 2001) (holding defendant's statement to his probation officer was inadmissible because a probation agent threatened to revoke defendant's probation if he refused to cooperate); *State v. Corn*, 310 S.C. 546, 552, 426 S.E.2d 324, 327 (Ct. App. 1992) (holding defendant's statement inadmissible because it was "made in response to threats that his wife could be arrested and his children taken by D.S.S.").

For the reasons stated above, Jackson's conviction is **AFFIRMED**.

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**