**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Jared Williams, Petitioner,

v.

State of South  Carolina, Respondent.

Appellate Case No. 2013-001042

---

Appeal From Greenville County
D. Garrison Hill, Trial Judge
G. Edward Welmaker, Post-Conviction Relief Judge

---

Memorandum Opinion No. 2015-MO-042
Submitted May 19, 2015 – Filed July 15, 2015

---

**AFFIRMED**

---

Appellate Defender Benjamin John Tripp, of Columbia, for Petitioner.

Attorney General Alan M. Wilson and Karen C. Ratigan, Senior Assistant Deputy Attorney General, both of Columbia, for Respondent.

---

**CHIEF JUSTICE TOAL:**  This Court granted a writ of certiorari to provide Petitioner with a belated review of any direct appeal issues pursuant to *White v.*

*State*, 263 S.C. 110, 208 S.E.2d 35 (1974). Petitioner asserts that the trial judge erred in admitting a statement he made to police the morning after his arrest, arguing that despite an earlier waiver of his *Miranda*[1] rights, the statement was not made knowingly and voluntarily. We affirm the ruling of the trial judge pursuant to Rule 220(b)(1), SCACR, and the following authorities: *State v. Rochester*, 301 S.C. 196, 200, 391 S.E.2d 244, 246 (1990) ("Once a voluntary waiver of the *Miranda* rights is made, that waiver continues until the individual being questioned indicates that he wants to revoke the waiver and remain silent or circumstances exist which establish that his 'will has been overborne and his capacity for self-determination critically impaired.'" (quoting *State v. Moultrie*, 273 S.C. 60, 62, 254 S.E.2d 294, 295 (1979))); *State v. Smith*, 259 S.C. 496, 499, 192 S.E.2d 870, 872 (1972) ("[A] confession is not necessarily invalid because the *Miranda* warnings are not repeated at each stage of the interrogation process, but [courts should] look to the circumstances of each case to determine whether the defendant, having been once warned, voluntarily and intelligently waived his rights." (citations omitted)); *see also Rochester*, 301 S.C. at 200, 391 S.E.2d at 247 ("On appeal, the conclusion of the trial judge on issues of fact as to the voluntariness of a confession will not be disturbed unless so manifestly erroneous as to show an abuse of discretion.").

**AFFIRMED.**

**PLEICONES, BEATTY and KITTREDGE, JJ., concur. HEARN, J., not participating.**

---

[1] *Miranda v. Arizona*, 84 U.S. 436 (1964).