**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jaqueline Latrisha Mesidor, Appellant.

Appellate Case No. 2015-001160

———————————

Appeal From Sumter County
W. Jeffrey Young, Circuit Court Judge

———————————

Unpublished Opinion No. 2018-UP-341
Submitted June 1, 2018 – Filed July 25, 2018

———————————

**AFFIRMED**

———————————

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, all for Respondent.

———————————

**PER CURIAM:** Jaqueline Latrisha Mesidor appeals her conviction for leaving the scene of an accident involving death, arguing the trial court erred in admitting

her statement to police. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Miller*, 375 S.C. 370, 378, 652 S.E.2d 444, 448 (Ct. App. 2007) ("The trial [court] determines the admissibility of a statement upon proof of its voluntariness by a preponderance of the evidence."); *State v. Moses*, 390 S.C. 502, 510-11, 702 S.E.2d 395, 399 (Ct. App. 2010) ("[T]he trial [court's] ruling as to the voluntariness of [a statement] will not be disturbed unless so erroneous as to constitute an abuse of discretion." (quoting *State v. Myers*, 359 S.C. 40, 47, 596 S.E.2d 488, 492 (2004))); *State v. Stokes*, 381 S.C. 390, 398, 673 S.E.2d 434, 438 (2009) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Rochester*, 301 S.C. 196, 200, 391 S.E.2d 244, 246 (1990) ("Once a voluntary waiver of the *Miranda*[2] rights is made, that waiver continues until the individual being questioned indicates that [she] wants to revoke the waiver and remain silent or circumstances exist which establish that [her] 'will has been overborne and [her] capacity for self-determination critically impaired.'" (quoting *State v. Moultrie*, 273 S.C. 60, 62, 254 S.E.2d 294, 295 (1979))); *Miller*, 375 S.C. at 384, 652 S.E.2d at 451 ("The test of voluntariness is '"whether a defendant's will was overborne" by the circumstances surrounding the given [statement].'" (alteration in original) (quoting *Dickerson v. United States*, 530 U.S. 428, 434 (2000))); *id.* at 385, 652 S.E.2d at 451 (stating the trial court's "determination of the voluntariness of a statement must be made on the basis of the totality of the circumstances" (quoting *State v. Ledford*, 351 S.C. 83, 87, 567 S.E.2d 904, 906 (Ct. App. 2002))); *Moses*, 390 S.C. at 513-14, 702 S.E.2d at 401 (setting forth the following factors that trial courts may consider "in a totality of the circumstances analysis: background; experience; conduct of the accused; age; maturity; physical condition and mental health; length of custody or detention; police misrepresentations; isolation of a minor from his or her parent; the lack of any advice to the accused of his constitutional rights; threats of violence; direct or indirect promises, however slight; lack of education or low intelligence; repeated and prolonged nature of the questioning; exertion of improper influence; and the use of physical punishment, such as the deprivation of food or sleep"); *Miller*, 375 S.C. at 386, 652 S.E.2d at 452 ("Coercive police activity is a necessary predicate to finding a statement is not voluntary. Coercion is determined from the perspective of the suspect." (citations omitted)); *id.* at 387, 652 S.E.2d at 453 (finding statements were not made as a consequence of a promise when the defendant did not testify during the pretrial *Jackson v. Denno*, 378 U.S. 368 (1964), hearing and the only person who testified he was promised a certain sentence was his attorney);

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

*State v. Goodwin*, 384 S.C. 588, 602-03, 683 S.E.2d 500, 508 (Ct. App. 2009) (finding officers "did not create an environment that caused [the defendant's] will [to be] overborne" despite their "numerous emotional appeals relating to [the defendant's] family" and under the totality of the circumstances "evidence exist[ed] to support the trial court's determination that the statements were voluntary").

**AFFIRMED.**

**SHORT, THOMAS, and HILL, JJ., concur.**