**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael Wiggs, Appellant.

Appellate Case No. 2019-001849

———————

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-433
Submitted November 1, 2022 – Filed December 7, 2022

———————

**AFFIRMED**

———————

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

———————

**PER CURIAM:** Michael Wiggs appeals his conviction and seven-year sentence of imprisonment for assault and battery in the first-degree. On appeal, he argues the trial court abused its discretion in admitting a statement he asserts was

involuntary because he was improperly induced into making it by a police officer's misrepresentation of law.

We hold the trial court did not err by denying Wiggs's motion to suppress. *See State v. Miller*, 375 S.C. 370, 378, 652 S.E.2d 444, 448 (Ct. App. 2007) ("On appeal, the conclusion of the trial [court] as to the voluntariness of a statement will not be reversed unless so erroneous as to show an abuse of discretion."); *id.* at 378-79, 652 S.E.2d at 448 ("[T]he appellate court does not re-evaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial [court's] ruling is supported by any evidence."). The record contains evidence supporting the trial court's finding that Wiggs's statement was voluntary, such as the short duration of the interview, the testimony of the investigator stating Wiggs was not coerced or threatened, Wiggs not being in custody during the interview and being free to leave afterwards, and the fact that he did not confess after the investigator's comments implied the penalties for consensual sex and rape of a minor differed. Thus, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Moses*, 390 S.C. 502, 513, 702 S.E.2d 395, 401 (Ct. App. 2010) ("In South Carolina, the test for determining whether a defendant's confession was given freely, knowingly, and voluntarily focuses upon whether the defendant's will was overborne by the totality of the circumstances surrounding the confession."); *Miller*, 375 S.C. at 386, 652 S.E.2d at 452 ("Appellate entities in South Carolina have recognized that appropriate factors to consider in the totality-of-circumstances analysis include: background, experience, and conduct of the accused; age; length of custody; police misrepresentations; isolation of a minor from his or her parent; threats of violence; and promises of leniency."); *id.* at 386, 652 S.E.2d at 452 ("A statement may not be 'extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] obtained by the exertion of improper influence.'" (quoting *State v. Rochester*, 301 S.C. 196, 200, 391 S.E.2d 244, 247 (1990))); *State v. Peake*, 291 S.C. 138, 139, 352 S.E.2d 487, 488 (1987) ("A statement induced by a promise of leniency is involuntary only if so connected with the inducement as to be a consequence of the promise."); *State v. Goodwin*, 384 S.C. 588, 601, 683 S.E.2d 500, 507 (Ct. App. 2009) ("Misrepresentations of evidence by police, although a relevant factor, do not render an otherwise voluntary confession inadmissible.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**KONDUROS, HEWITT, and VINSON, JJ., concur.**