**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Correy Tremayne Brown, Appellant.

Appellate Case No. 2021-001231

---

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-048
Submitted January 1, 2024 – Filed February 7, 2024

---

**AFFIRMED**

---

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Tommy Evans, Jr., and Solicitor Byron Gipson, all of Columbia, for Respondent.

---

**PER CURIAM:** Correy Tremayne Brown appeals his conviction for murder and sentence of forty-two years' imprisonment. On appeal, Brown argues the trial

court erred by admitting his post-arrest interview with police because the officers continued to question him after he invoked his right to have an attorney present, rendering the statement involuntary. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in admitting Brown's police interview. *See State v. Miller*, 441 S.C. 106, 119, 893 S.E.2d 306, 313 (2023) ("Going forward, we will review the trial court's factual findings regarding voluntariness for any evidentiary support. However, the ultimate legal conclusion—whether, based on those facts, a statement was voluntarily made—is a question of law subject to de novo review."); *State v. Miller*, 375 S.C. 370, 379, 652 S.E.2d 444, 449 (Ct. App. 2007) ("A statement obtained as a result of custodial interrogation is inadmissible unless the suspect was advised of and voluntarily waived his rights."); *State v. Moses*, 390 S.C. 502, 513, 702 S.E.2d 395, 401 (Ct. App. 2010) ("The Supreme Court has indicated two dimensions to this waiver inquiry: (1) the waiver must be 'voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception' and (2) the waiver must be 'made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.'" (quoting *Berghuis v. Thompkins*, 560 U.S. 370, 382-83 (2010))). We find Brown's statement was given voluntarily. The interviewing officer's statement, "Your lawyer can't drop the charges, we can," was not a promise of leniency, but rather was an attempt to encourage Brown's cooperation in turning over his alleged exculpatory evidence. *See State v. Rochester*, 301 S.C. 196, 200, 391 S.E.2d 244, 246-47 (1990) ("A statement induced by a promise of leniency is involuntary only if so connected with the inducement as to be a consequence of the promise.") Further, Brown's statements were made with full awareness of his rights because officers informed Brown of his *Miranda*[1] rights verbally and in writing, yet Brown chose to continue speaking with the officers. *See id.* at 200, 391 S.E.2d at 246 ("Once a voluntary waiver of the *Miranda* rights is made, that waiver continues until the individual being questioned indicates that he wants to revoke the waiver and remain silent . . . ."). Finally, we find Brown's statement, "Can I get that to a lawyer?" was not an unambiguous request for counsel. *See State v. Jett*, 423 S.C. 415, 420, 814 S.E.2d 635, 637 (Ct. App. 2018) ("[I]f a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel, our precedents do not require the cessation of questioning." (alteration in original) (quoting *Davis v. United*

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

*States*, 512 U.S. 452, 459 (1994))); *id.* (finding the defendant's statement to an investigator, "Maybe I should talk to a lawyer," was not a request for counsel).

Under the totality of the circumstances, we find Brown's statement was freely, knowingly, and voluntarily made. *See Moses*, 390 S.C. at 513, 702 S.E.2d at 401 ("In South Carolina, the test for determining whether a defendant's confession was given freely, knowingly, and voluntarily focuses upon whether the defendant's will was overborne by the totality of the circumstances surrounding the confession."). Brown had previous experience with law enforcement, he understood why he was in custody, he was forty-three years old at the time of the interview, and there was no evidence suggesting the police deprived him of food or sleep, or that he was threatened or promised leniency in any way. *See Miller*, 375 S.C. at 386, 652 S.E.2d at 452 ("Appellate entities in South Carolina have recognized that appropriate factors to consider in the totality-of-circumstances analysis include: background, experience, and conduct of the accused; age; length of custody; police misrepresentations; isolation of a minor from his or her parent; threats of violence; and promises of leniency."). Based on the foregoing, we hold the trial court did not err in admitting Brown's police interview.

**AFFIRMED.**[2]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.