**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Marcus Danta Batson, Appellant.

Appellate Case No. 2023-001593

———————————

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

———————————

Unpublished Opinion No. 2025-UP-341
Submitted September 1, 2025 – Filed October 8, 2025

———————————

**AFFIRMED**

———————————

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Richard Brandon Larrabee, all of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

———————————

**PER CURIAM:** Marcus Danta Batson appeals his convictions for two counts of murder and sentence of life imprisonment without the possibility of parole. On appeal, Batson argues the trial court erred in admitting his interrogation and confession. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not err in admitting Batson's interrogation and confession because based on the totality of the circumstances, his statement was voluntary. *See State v. Miller*, 441 S.C. 106, 119, 893 S.E.2d 306, 313 (2023) ("[T]he question of voluntariness presents a mixed question of law and fact."); *State v. Moses*, 390 S.C. 502, 513, 702 S.E.2d 395, 401 (Ct. App. 2010) ("[T]he test for determining whether a defendant's confession was given freely, knowingly, and voluntarily focuses upon whether the defendant's will was overborne by the totality of the circumstances surrounding the confession."). Batson was advised of his *Miranda*[1] rights, waived those rights, and was not under duress. *See State v. Johnson*, 422 S.C. 439, 455, 812 S.E.2d 739, 747 (Ct. App. 2018) ("Relevant circumstances for the trial [court] to consider include . . . the failure to Mirandize, the length of detention, the repeated and prolonged nature of the questioning, and the use of physical punishment such as the deprivation of food or sleep."); *Berghuis v. Thompkins*, 560 U.S. 370, 386-87 (2010) (finding an interrogation conducted in a "standard-sized room in the middle of the afternoon" that lasted three hours was not "inherently coercive" but acknowledging longer interrogations were "improper" when accompanied by "other facts indicating coercion, such as an incapacitated and sedated suspect, sleep and food deprivation, and threats"). The officers conducting the interrogation did not coerce him or make any promises of leniency. *See State v. Rochester*, 301 S.C. 196, 200, 391 S.E.2d 244, 246 (1990) ("[T]he confession may not be 'extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of improper influence.'" (alterations in the original) (quoting *Hutto v. Ross*, 429 U.S. 28, 30 (1976))); *State v. Miller*, 375 S.C. 370, 387, 652 S.E.2d 444, 453 (Ct. App. 2007) (finding a defendant's "statements were made in the 'hope' of leniency rather than as a consequence of a 'promise'" when he was told "it was in his best interest to cooperate" and where "no one made any direct or implied promises of leniency").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.